JOURNAL ENTRY AND OPINION
{¶ 1} Cuyahoga County Department of Children and Family Services, ("CCDCFS") appeals from part of an order of Visiting Juvenile Judge Judith A. Cross that denied its motion for permanent custody and awarded custody of two children to their grandmother. CCDCFS claims it was error to treat the grandmother's letter as a motion to intervene and, after trial and without notice, to order a supplemental report from the Guardian ad Litem ("GAL"). We reverse in part and remand
 {¶ 2} From the record we glean the following: In 1991, L.B., then fourteen years old, gave birth to a daughter, A. Approximately one year later, she gave birth to a son, D., and slightly over a year later, delivered another boy, S.[1]
 {¶ 3} In 1995, she was referred to CCDCFS on allegations that there was no gas in the home that she and the children shared with her mother, B.B. The case was later dismissed; however, over the next three years, a total of nine referrals were received by CCDCFS alleging acts of physical abuse, alcohol and drug abuse, and neglect.
 {¶ 4} In June of 1998, CCDCFS filed a complaint alleging that a social worker witnessed L.B. chasing her brother around their front yard with a knife while her children were unattended inside the home. The children were placed in emergency custody, adjudicated neglected, and committed to the temporary custody of CCDCFS.
 {¶ 5} In May of 1999, CCDCFS filed a motion to modify temporary custody to permanent custody because L.B. had failed to meet the objectives of her case plan, and a trial on the motion began before Visiting Judge Joseph Zieba in September of 2001.
 {¶ 6} Three days before the commencement of trial, the children's grandmother, B.B., who also had a history with CCDCFS that resulted in the removal of her own children for a one-year period in the late 1990s, sent a letter to the court requesting legal custody of all three children.[2]
 {¶ 7} During the course of trial, there was testimony that all three children were originally placed in the grandfather's home, but the boys had been removed shortly thereafter because of his inability to care for them. The boys' severe behavioral problems, which include aggressive behavior and attacks on social workers, have caused their removal from various foster homes, and each will require intensive mental health treatment for several years.
 {¶ 8} The trial was continued several times, and in June of 2002, CCDCFS moved to modify the temporary custody of A. to the legal custody of her grandfather. After it was apparent that Judge Zieba was physically unable to complete the trial, Judge Cross was assigned by agreement, and she heard final testimony in March of 2003. At the close of trial, and at the request of L.B., she ordered an in camera interview of the children.[3] In addition, and not part of the trial record, she requested a supplemental report from Mary Biggins, the GAL, specifically asking her to determine the appropriateness of B.B.'s home. The supplemental report, which CCDCFS did not receive until June, recommended granting legal custody of the boys to the grandmother stating that she has always had adequate housing for her children and grandchildren.
 {¶ 9} In May of 2003, the judge granted legal custody of A. to her grandfather, and legal custody of the boys, with protective supervision, to their grandmother. She noted that, although B.B. did not file a formal motion for such custody, her September 2001 letter should be classified as such a request.[4] CCDCFS appeals only from that part of the order granting custody of the boys in two assignments of error attached in the appendix of this opinion.
 THE GRANDMOTHER'S 2001 LETTER. {¶ 10} CCDCFS claims that the judge abused her discretion and violated due process requirements by accepting B.B.'s September, 2001 letter as a motion to intervene because the document failed to comply with civil and juvenile rules of procedure. We agree.
 {¶ 11} R.C. 2151.353(A)(3) provides that:
{¶ 12} "(A)If a child is adjudicated an abused, neglected ordependant child, the court may make any of the following ordersof disposition:
 {¶ 13} * *
 {¶ 14} (3) Award legal custody of the child to either parentor to any other person who, prior to the dispositional hearing,files a motion requesting legal custody of the child * * *."
 {¶ 15} Juv.R. 19 mandates that "[a]n application to the court for an order shall be made by motion," and unless made during trial or hearing, must be made in writing, unless the judge permits it to be made orally. In conjunction therewith, Juv.R. 20, provides that motions must be served on each of the parties.
 {¶ 16} In the case at bar, no such motion was filed. B.B's letter was neither in the form of a motion nor served on any of the parties. Although the grandmother was acting as a pro se litigant in these proceedings, she was still required to adhere to the basic requirements of civil procedure and, as such, must perfect service. "Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law. * * *."[5]
 {¶ 17} B.B.'s September 2001 letter stayed in limbo for almost three years before the judge disposed of it. Because it was never served on any of the parties, there was no opportunity for timely objections. We conclude, therefore, that it was improperly converted into a motion.
 {¶ 18} B.B. never was a party to the case, never testified, and never subject to cross-examination. CCDCFS presented evidence against her suitability and, since January of 2002, she was absent from the trial. We find it was an abuse of discretion to treat this document as anything other than a letter and to use it as the basis for granting permanent custody to the grandmother. The first assignment of error has merit.
 THE GAL'S SUPPLEMENTAL REPORT {¶ 19} CCDCFS next claims that the judge abused her discretion and violated due process because, after the close of trial, she ordered a supplemental GAL report and they were denied an opportunity to cross-examine the GAL or question her recommendation.
 {¶ 20} Almost one month after trial, the GAL sent a letter to the judge in which she outlined the following reasons why the grandmother had not appeared at trial: frustration with the many trial continuances over the years; not being kept informed; and the aggressive social workers. Despite her absence, however, because the grandmother claimed that she is able to pay her bills, has the resources to move to a larger house to accommodate the boys and her own children, has bonded with the boys and is capable of handling their difficulties, the GAL recommended that they be placed with her, a recommendation that the judge apparently accepted.
 {¶ 21} In 2001, the GAL's report recommended that the children be placed with their maternal grandmother, but she changed this recommendation at trial in 2003, and testified that L.B. should be reunified with her children. CCDCFS cross-examined her on this issue and the trial concluded. When she wrote a supplemental report recommending that legal custody of all the boys be granted to the grandmother, she was never subject to cross-examination.
 {¶ 22} The Ohio Supreme Court has held:
 {¶ 23} "In a permanent custody proceeding in which theguardian ad litem's report will be a factor in the trial court'sdecision, parties to the proceeding have the right tocross-examine the guardian ad litem concerning the contents ofthe report and the basis for a custody recommendation."[6]
 {¶ 24} This assignment of error has merit.
 {¶ 25} That portion of the judgment granting custody of D. and S. to B.B. is reversed. Temporary custody of D. and S. restored to the CCDCFS, and case remanded.
 APPENDIX A "I. The trial court erred and abused its discretion andviolated due process by accepting the letter of b.b. as a motionto intervene or for any other purpose when the letter did notadhere to the rules of civil or juvenile procedure, and inparticular Civ. R. 5(a), and, in addition, circumventednotification of opposing party."
 "II. It was error and a (sic) abuse of discretion and aviolation of due process for the court to order a supplementalreport from the guardian ad litem after the trial on the meritswas concluded, and then consider that report in its finaldecision particularly when the court did not allow for crossexamination of the supplemental report."
It is ordered that the parties bear their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., and Karpinski, J., concur.
[1] None of the children's fathers have been identified and are therefore not parties to this action.
[2] We note that B.B. was never called as a witness during any stage of the trial.
[3] The record reflects that a hearing was scheduled for March 4, 2003, although it lacks the results of this hearing as well as any indication that this hearing was actually held.
[4] We note that the decision was journalized on May 29, 2003, but the judge's findings of fact were not journalized until October 2, 2003.
[5] Jones Concrete, Inc. v. Thomas, (Dec. 22, 1999), Medina App. No. 2957-M.
[6] In re Hoffman, (2002), 97 Ohio St.3d 92, 2002-Ohio-5368,776 N.E.2d 485, at syllabus.