JOURNAL ENTRY and OPINION
{¶ 1} C.H., natural mother of the minor child, K.W., appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, to terminate her parental rights and to grant permanent custody of the child to the Cuyahoga County Department of Children and Family Services (the agency).
 {¶ 2} C.H. does not challenge the merits of the juvenile court's order; rather, she presents only a procedural issue in this appeal. She argues that right to due process of law in this matter was compromised by the magistrate when he failed to require the child's guardian ad litem (GAL) to file his report prior to proceeding to trial, and, instead, permitted the GAL to file a report after trial had concluded.
 {¶ 3} Since, however, the record reflects neither that C.H. raised an objection to the magistrate's procedures during trial when the error could have been corrected, nor that plain error occurred, her argument lacks merit. Consequently, the juvenile court's decision is affirmed.
 {¶ 4} The record reflects C.H. gave birth to K.W. on April 23, 2003. At birth, K.W. suffered from hyperthyroidism and a heart defect. C.H., barely older than a child herself, previously had been diagnosed with a low I.Q. and Dependent Personality Disorder, and, additionally, had a history of substance abuse. Moreover, C.H. could not identify K.W.'s father. Therefore, the agency obtained emergency custody, then later obtained temporary custody of K.W.
 {¶ 5} K.W. was released from the hospital three weeks after his birth still requiring special medical care and ongoing, frequent treatment for his congenital conditions. Thus, he apparently went from the hospital directly into a foster home with foster parents who had training in the areas of emergency medical care and special child development.
 {¶ 6} The agency prepared a case plan with the aim of reunification. However, C.H.'s compliance with the plan was less than successful, and her visits with K.W. were sporadic. The agency thus ultimately filed a motion for permanent custody of K.W.
 {¶ 7} After issuing notice to all the interested parties, the juvenile court commenced the proceeding before a magistrate on July 22, 2004. The record reflects that at the outset of the hearing, C.H.'s attorney and her court-appointed GAL joined in a motion to dismiss the proceedings, arguing only that C.H. could not properly understand them. The magistrate overruled the joint motion, and the dispositional hearing proceeded.
 {¶ 8} After taking some testimony from the agency's caseworker, the magistrate became aware that a warrant had been issued in a criminal matter for C.H.'s arrest. The magistrate continued the proceeding in order for C.H. to resolve the problem. When court reconvened on September 1, however, K.W.'s GAL could not be present, due to a summons in another court case.
 {¶ 9} C.H.'s attorney requested another continuance, stating as the reason that he "just wouldn't want to make it impossible for [K.W.'s GAL] to hear all the testimony and then not be able to do a report which should have been filed a week before the trial started according to the Local rule, and it has to be done * * *. At least if he's here he would be able to hear the evidence."
 {¶ 10} C.H.'s attorney subsequently reiterated his position, as follows: "I think the [child's] Guardian should be able to be present to hear [the testimony]. I mean, the Local Rule says that the report is supposed to be filed with the Court's office a week before trial starts, and then the Guardian's allowed to supplement based on the testimony that the Guardian hears during the trial * * *. And if [he's] not in a position to hear the testimony then I think it might make his job impossible. He won't be able to hear the evidence and then supplement it accordingly." C.H.'s GAL added her agreement to this position.
 {¶ 11} The magistrate ultimately acquiesced, although he expressed concern at the length of time the matter had been pending. Thus, before adjourning, he made a finding that the agency had made efforts to remedy the conditions which led to K.W.'s removal from C.H.'s custody.
 {¶ 12} The dispositional hearing eventually concluded on October 28, 2004. After the parties had rested, the magistrate informed them he would recommend granting the agency's motion. However, he noted that K.W.'s GAL had not made a written report, permitted the GAL to make an oral statement, encouraged the other parties to question the GAL about his statement, and directed both K.W.'s and C.H.'s GAL "to file their written reports within five days." The hearing concluded with that direction.
 {¶ 13} The record contains a letter dated November 1, 2004 addressed to the juvenile court from K.W.'s GAL. The letter bears no file stamp, but bears a notation in the court's handwriting that indicates the judge received it on "11/2/04." K.W.s' GAL recommended the court grant the agency's motion for permanent custody of the child based upon his experience in visiting the foster home, C.H.'s failures to meet the requirements of the case plan, and K.W.'s need for a secure placement.
 {¶ 14} The record reflects the juvenile court adopted the magistrate's report and recommendation, thus granting the agency's motion for permanent custody of K.W. and terminating C.H.'s parental rights.
 {¶ 15} C.H. has timely appealed from the juvenile court's decision and she presents the following as her sole assignment of error:
 {¶ 16} "I. The magistrate abused his discretion and violated due process by (1) continuing to proceed with trial without the Guardian Ad Litem report having been filed, and (2) then by accepting an ex parte report after the conclusion of trial."
 {¶ 17} C.H. argues her right to due process of law was compromised by the magistrate because he failed to require K.W.'s GAL to file his report prior to trial and, further, permitted the report to be filed after trial without allowing her to challenge the statements made in it. Since the record reflects she raised no objection either to the omission or the action, her argument is unpersuasive.
 {¶ 18} Although R.C. 2151.414(C) directs that the report of a GAL should be filed either before or at the time of the dispositional hearing, this court consistently has held that an appellant waives any objection to a later submission of the GAL's report if he or she fails to object in the juvenile court. In re: CH.O., Cuyahoga App. No. 84943, 2005-Ohio-1013, ¶ 36; In the Matter of Cooper (Aug. 28, 2001), Cuyahoga App. No. 78848, citing In re Benoit (Nov. 2, 2000), Cuyahoga App. No. 76128; In the Matter of Nicholson (Jan. 27, 2000), Cuyahoga App. Nos. 75533-39.
 {¶ 19} In this case, the record reflects C.H. not only acquiesced in the magistrate's decision to proceed with the testimony in the absence of a formally-filed report from K.W.'s GAL, but she encouraged the magistrate to permit the GAL to hear the trial testimony before submitting his written report. In re Nicholson, supra.
 {¶ 20} In the same vein, C.H. took advantage of the opportunity the magistrate offered at the conclusion of the dispositional hearing to cross-examine the GAL with regard to his oral recommendation. In reCH.O., supra, at ¶ 36. Moreover, she raised no objection to the magistrate's direction to the GAL to file a written report within five days of the hearing's conclusion. Id. Finally, C.H. can demonstrate no prejudice as a result of the procedures followed by the magistrate, because the GAL relied only on previously-introduced evidence in making his written recommendation. In the Matter of Cooper, supra; cf., In reD.D., Cuyahoga App. No. 83537, 2004-Ohio-4243, ¶ 19-24.
 {¶ 21} Under the circumstances, therefore, C.H.'s assignment of error lacks merit, and, accordingly, it is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and Sweeney, J. Concur.