**The STATE of Ohio, Appellant,**

v.

**PERRY, Appellee.**

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–01–037.

Decided March 15, 2002.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and David R. Boldt, Assistant Prosecuting Attorney, for appellant.

Jeffrey Nunnari, for appellee.

HANDWORK, Judge.

{¶ 1} This is an appeal brought by the state, pursuant to Crim.R. 12(J), following a ruling by the Ottawa County Court of Common Pleas that prohibited the state from playing at trial a videotape of an interview conducted by a social

worker of a child who accused Richard L. Perry of rape. Because the proper foundation was not laid pursuant to Evid.R. 803(5) for the use of a videotape as a prior recollection recorded, we find that the trial court did not abuse its discretion when it ruled that the videotape could not be shown to the jury in this case.

{¶ 2} The state has presented only one assignment of error for consideration on appeal. The assignment of error is:

{¶ 3} "The trial court errored [sic] in denying use of videotape pursuant to Evidence Rule 803(5)."

{¶ 4} Before we address the arguments presented by the parties relating to the sole assignment of error, we will first review the facts and procedure in this case.

{¶ 5} This case began when Perry was indicted by a grand jury sitting in Ottawa County, Ohio, for rape, a violation of R.C. 2907.02(A)(1)(b). Perry entered a not guilty plea, and the case proceeded to trial.

{¶ 6} In chambers, before voir dire began, the prosecutor informed the court and defense counsel that during the trial it intended to use a videotape of an interview conducted by a worker from children's services of the alleged child victim regarding the child's allegations that Perry had engaged in conduct with the child that constituted rape. The prosecutor said that the child had lost memory regarding the events that led to the charges in this case, because more than two years had passed between the time the events happened and the trial date. The prosecutor argued that the videotaped interview of the child, made within four days of the events that were the basis of the charges filed against Perry in this case, qualified as a past recollection recorded under Evid.R. 803(5).

{¶ 7} Perry's counsel objected, arguing that a past recollection recorded could not be a videotape of a witness made by a third party. Perry's counsel argued that the child never adopted the statements as true and accurate contemporaneously with the time the videotape was made. He also argued that a past recollection recorded had to be in writing.

{¶ 8} The court declined to make a ruling on the issue at that time. Instead, it told the parties it would consider the arguments and the law they had presented to the court and would make a ruling later.

{¶ 9} After the parties conducted voir dire and a jury was seated, a second meeting was held in chambers to discuss the matter of whether the state could play the videotape as a past recollection recorded. The trial court made a tentative ruling that it would permit the videotape to be played at trial if the state first showed that the child needed her memory refreshed. The court said that as it read Evid.R. 803(5), a past recollection recorded could not be introduced

directly as evidence unless it was offered by the adverse party, but it could be used to refresh a witness's memory.

{¶ 10} Opening statements were then made. The state called as its first witness the doctor who had examined the child after the allegations against Perry were made, to see whether there was any physical evidence of the charges. After the doctor's testimony was concluded, the state called the now ten-year-old child to the stand.

{¶ 11} The trial court conducted a brief voir dire of the child for competency to testify. The trial court indicated that the child could testify against Perry.

{¶ 12} The state began its direct examination of the child. While she said that she knew Perry and she identified him at trial, the child testified that she could not remember when she knew him or how long she knew him. The following exchanges then took place:

{¶ 13} "Q. Okay. [A.], when you—did something happen with Richard that—did he do something to you?

{¶ 14} "A. (Witness nodded.)

{¶ 15} "Q. You have to speak up. I know it is hard. You have to speak up. Did he do something to you?

{¶ 16} "A. Yes.

{¶ 17} "Q. Okay

{¶ 18} "THE COURT: Wait a minute. Can you hear?

{¶ 19} "Q. After he did this to you, did you tell your mom?

{¶ 20} "A. Yes, two, three days later.

{¶ 21} "Q. When you told your ma, did you go talk to someone else about it in Sandusky County in Fremont?

{¶ 22} "A. I can't remember.

{¶ 23} "Q. Do you remember going to somebody, to a building and coloring with a lady?

{¶ 24} "A. Yes.

{¶ 25} "Q. Okay. And in fact, you saw a tape with you on it, didn't you?

{¶ 26} "A. Yes.

{¶ 27} "Q. Do you remember what happened to you as well as you did when you did the tape? Do you remember today as much as you remembered then?

{¶ 28} "A. No.

{¶ 29} "Q. When you made the tape, did the lady talk to you about telling the truth?

{¶ 30} "A. Yes.

{¶ 31} "Q. Okay, Did you tell the lady the truth that day?

{¶ 32} "A. Yes.

{¶ 33} "Q. And did you tell her everything you remembered that day?

{¶ 34} "A. Yes.

{¶ 35} "Q. And that was a week or so after it happened to you?

{¶ 36} "A. Yes.

{¶ 37} "Q. Now did you remember pretty good that week later?

{¶ 38} "A. Yes.

{¶ 39} "Q. And you can't remember it as well today as you did then?

{¶ 40} "A. No."

{¶ 41} After the prosecutor approached the bench, the court decided to hold further discussions on the record in chambers.

{¶ 42} The trial court said that one requirement for the use of a past recollection recorded is that the witness must have firsthand knowledge of the event. The trial court said: "From what I have heard so far, she doesn't even know what we are talking about." The prosecutor responded that the child did know, she was just too scared in court to say. The trial court said that it was concerned about the issue of competency, to which the prosecutor replied: "I think if she were asked a couple more questions, she would testify that he touched her there, but she has no recollection of details. She probably is suppressing it, but I didn't know this until Sunday when I talked to her."

{¶ 43} More discussion ensued, and the prosecutor said: "I believe if I asked a couple more questions, she would testify that he put her on his lap. She knows the details of the actual incident. She does not know the details that led up to it and what happened after it and things like that." The court replied:

{¶ 44} "Then we need to go back out and attempt that." However, trial did not resume. Instead, the in-chambers discussion continued.

{¶ 45} The court asked the parties to address the question of whether a videotape could be used pursuant to Evid.R. 803(5). The prosecutor argued that a videotape is a recording, and can be used at trial pursuant to Evid.R. 803(5). Perry's counsel argued that Evid.R. 803(5) applies only to recollections that were written or adopted by the person at the time the events in question took place.

He argued that the child in this case had not made any adoption of her remarks contemporaneous with the time the remarks were videotaped.

{¶ 46}   The trial court then said that it was going to exclude the videotape from use at trial because Evid.R. 803(5) does not refer to video recordings.   More discussion ensued regarding whether the state wished to pursue an immediate appeal of the trial court's ruling.   The following pertinent exchange then took place between the prosecutor and the trial court:

{¶ 47}   "MR. BOLDT: I would proffer that I will anticipate that the recorded recollection was made by the witness, the video tape was of the witness, in this case, that the recorded recollection is based on firsthand knowledge as it was hers, the victim's.

{¶ 48}   "THE COURT:  No doubt about that.

{¶ 49}   "MR. BOLDT:  That the recorded recollection was made at the time when the matter was fresh in her memory.

{¶ 50}   "She indicated that she did the tape within a week and that she had a better memory at that time than today, that the recorded recollection, the prior knowledge of the witness, that at this time insufficient recollection is available to enable her to testify fully and accurately and this lack of recollection persists after viewing the record.

{¶ 51}   "I will proffer that I had showed her the tape on two occasions, that, as the Court heard, she has no recollection other than she did the tape.

{¶ 52}   "THE COURT:  Therefore, is not in a position to vouch for the tape.

{¶ 53}   "MR. BOLDT:  She remember doing the tape, but not exactly—

{¶ 54}   "THE COURT:—not being able to vouch for its accuracy, which is an element of 803.5.

{¶ 55}   "MR. BOLDT:  But she testified what she said on the tape was the truth because the officer, the person that talked to her, talked to her like you did about what the truth is and what a lie is.

{¶ 56}   "She indicated that she told the truth in the tape, that it was within a week or so of the incident, and therefore, much fresher in her memory than today in front of the alleged perpetrator, and that absent—and that the testimony she gave today was that she did not know even how she knew the—

{¶ 57}   "THE COURT:  The testimony she gave today speaks for itself.

{¶ 58}   "MR. BOLDT:  Right.  I mean, you—

{¶ 59}   "THE COURT:  I mean, you can't proffer for purposes of the appeal something that is inconsistent with what she testified to.

{¶ 60} "MR. BOLDT: Right, we will get a transcript. I would also indicate that your ruling, and I think I have talked to this, Mr. Nunnari has indicated he has a transcript of the proceeding, and that you are denying that admissibility also under 803.5, that we are here because basically of the medium versus the message at this point.

{¶ 61} "THE COURT: It is not—it is the messenger, not the message."

{¶ 62} Perry's counsel then asked if he could state his position, and the trial court granted permission. Perry's counsel then said:

{¶ 63} "MR. NUNNARI: The problem, as I see it, is that we are dealing with a question of authorship. We are dealing with a situation where 803.5 is attempting to be used under a circumstance which was not contemplated, that the typical situation involves a writing either made by the witness at a time when the material was fresh in the person's head, or it was adopted at that time.

{¶ 64} "I think that is where we are getting hung up, that there is no adoption of the writing or the video whatever you want to call it, at the time that it was made by the child where she would have said at that time—

{¶ 65} "THE COURT: I have reviewed it. I think it is just exactly the way it happened.

{¶ 66} "MR. NUNNARI: Right. We are lacking that under 803.5, so that is where I think the glitch come in. We can't say three years, two years later, whatever it was, suddenly say, especially with where the child does not have any recollection of it now. She can't sit there now today and say, 'Yeah, that was accurate at the time,' because she has no idea what she is saying was in there. She can't say at the time it was accurate because she has not recollection of it at all."

{¶ 67} The trial was then suspended to permit the state to pursue this appeal.

{¶ 68} In support of its sole assignment of error, the state argues that the trial court erred when it refused to permit the state to play the videotaped interview of the child in this case. The state says that the only reason the trial court refused to permit the use of the videotape was because the trial court had an erroneous belief that a videotape can never fit the requirements of Evid.R. 803(5) for a prior recollection recorded. The state says that the trial court "apparently felt that Rule 803(5) required the recollection to be a written record * * *."

{¶ 69} The state then discusses four requirements for the use of a prior recollection recorded at trial, and argues that all four are met in this case. First, the witness must not have a present recollection of the events in question. The state says this finding was made by the trial court. Second, the recorded

recollection was made when the events were fresh in the witness's mind. The state says that the videotape was made within days of the events in question. Third, the recorded recollection was made or adopted by the witness. The state contends that this requirement is met because the recording was of the child and she "recalled doing the video and can be seen on the video speaking of the event." Fourth, the recorded recollection must be accurate regarding the prior knowledge of the witness. The state says that the child "indicated she was better able to remember the details at the time of the video and she told the truth after a discussion about telling the truth with the children services worker."

{¶ 70} Perry responds that the trial court did not err in this case when it ruled that the state could not use the videotape in question as a past recollection recorded. Perry argues that the trial court did not exclude the videotape merely because it was not a written recollection; rather, the trial court barred the use of the videotape at trial because the state failed to lay a proper foundation for its use. Specifically, Perry argues: "An attempt at, and failure of, refreshment of the witness' memory must be had before resorting to the introduction of the desired evidence pursuant to Evid.R. 803(5)." Perry points to the remarks of the prosecutor that we have quoted above that revealed that he believed that the child could testify about the actual incident of rape, but had lost her memory of the details of events leading up to and after the incident. Perry says that the prosecutor should have made an attempt to refresh the memory of the child because the child was apparently able to recount relevant information the day before trial to the prosecutor. Perry also says that if the child could testify to the actual event that allegedly constituted rape, the state had no need to play the videotape of the child's interview because "only the crime itself was at issue in the case, not the events that led up to it or what happened after it."

{¶ 71} Evid.R. 803(5) provides:

{¶ 72} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

{¶ 73} "* * *

{¶ 74} "(5) Recorded recollection

{¶ 75} "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

{¶ 76} The plain language of this exception to hearsay shows that foundational requirements for the use of a past recollection recorded include a showing (1) that the witness has insufficient memory to accurately testify to crucial information, (2) that the witness can show through his or her testimony that the past recollection recorded was made or adopted when the matter was fresh in the witness's memory, and (3) that the past recollection recorded correctly reflects the knowledge the witness had at the time it was recorded. The Staff Notes relating to Evid.R. 803(5) specify:

{¶ 77} "The rule makes explicit the requirement that the foundation for the introduction of the statement under this exception must be made by testimony of the witness himself. The assessment of trustworthiness is thereby focused upon the author and not upon some other person incident to the event." Evid.R. 803(5) Staff Notes.

{¶ 78} We agree with the trial court and with Perry that in this case at least two foundational requirements for Evid.R. 803(5) were not met. First, the state did not show that the child had no memory of the actual events that constituted rape. Indeed, if the statements of the prosecutor made in chambers were correct, the child did remember the details of the rape itself, just not the details of the events before and after the crime allegedly occurred.

{¶ 79} Second, the child did not testify that the videotape correctly reflected the knowledge she had of the events in question at the time the videotape was made. Accordingly, the trial court did not abuse its discretion when it ruled that the state could not play the videotape to the jury at trial. See *State v. Green* (Mar. 18, 1999), Franklin App. No. 98AP–633, 1999 WL 173965.

{¶ 80} The judgment of the Ottawa County Court of Common Pleas is affirmed. The state is ordered to pay the court costs of this appeal.

Judgment affirmed.

MELVIN L. RESNICK and JAMES R. SHERCK, JJ., concur.