JOHNSON, Appellant,

v.

CASSENS TRANSPORT COMPANY et al., Appellees.

[Cite as *Johnson v. Cassens Transp. Co.,* 158 Ohio App.3d 193, 2004-Ohio-4011.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–03–93.

Decided Aug. 2, 2004.

Marc G. Williams–Young and Kevin J. Cooper, for appellant.

Corey V. Crognale, for appellee Cassens Transport Company.

Stephen D. Plymale, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Cupp, Judge.

{¶ 1} Appellant, Kenneth Johnson, appeals the judgment of the Allen County Court of Common Pleas finding that he was not entitled to participate in the Ohio Workers' Compensation Fund for an alleged psychological condition that arose from an injury sustained during his employment with appellee Cassens Transport Company.

{¶ 2} This case arises from a back injury appellant sustained on February 7, 1997. In April 1997, following his injury, appellant filed an application for payment of compensation and medical benefits with the Bureau of Workers' Compensation and the Industrial Commission of Ohio. In July 2000, appellant filed an additional claim with the Industrial Commission, alleging that he was suffering from "adjustment disorder with mixed anxiety and depressed mood." The hearing officer allowed appellant's additional claim, finding that compensation for temporary total disability was properly payable and that treatment and payment of medical bills was authorized.

{¶ 3} Appellee appealed from the order of the hearing officer. On appeal, the staff hearing officer affirmed the Hearing Officer's decision. Appellee filed another appeal with the Industrial Commission, which was denied. Appellee then filed an appeal with the Allen County Court of Common Pleas. In response, appellant, pursuant to R.C. 4123.512, filed a complaint to continue to participate in the Workers' Compensation Fund.

{¶ 4} On April 9, 2001, appellant filed a notice of voluntary dismissal of the complaint, reserving leave to refile within one year. On April 4, 2002, appellant refiled his complaint, asking the court to find that he had the right to continue to participate in the Workers' Compensation Fund. On November 4 and 5, 2003, a jury trial was held on the matter.

{¶ 5} Following the presentation of evidence, the jury returned a verdict that appellant was not entitled to participate in the Workers' Compensation Fund for the condition of an "adjustment disorder with mixed anxiety and depressed mood."

{¶ 6} It is from this judgment that appellant appeals, setting forth two assignments of error for our review.

## ASSIGNMENT OF ERROR NO. I

The trial court erred in allowing Thomas A. Sherman, M.D. to testify without present independent knowledge.

{¶ 7} Appellee introduced Dr. Thomas A. Sherman's testimony by videotape regarding an independent medical evaluation of appellant performed by Dr.

Sherman in August 2000. Appellant contends that this was in error. Although Dr. Sherman was shown his evaluation report during his testimony, appellant claims that it did not serve to refresh his memory as required by Evid.R. 612 and that, at the time of testifying, Dr. Sherman lacked the present independent knowledge required of a witness. Concurrently, appellant contends that an insufficient foundation existed to admit Dr. Sherman's evaluation report as a past recollection recorded, pursuant to Evid.R. 803(5).

{¶ 8} A trial court enjoys broad discretion in the admission and exclusion of evidence. *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 224 N.E.2d 126. Therefore, our review is limited to determining whether the trial court abused its discretion. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056. The term "abuse of discretion" connotes a judgment that is rendered with an unreasonable, arbitrary, or unconscionable attitude. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202.

{¶ 9} Pursuant to Evid.R. 612, a witness may review a prior statement to refresh his memory and may then testify on the basis of his present knowledge of the relevant facts. If a witness reviews a prior statement and it fails to refresh his recollection, the statement may be admissible under Evid.R. 803(5) as a "past recollection recorded." This doctrine, however, applies only when "the witness 'has insufficient recollection to enable him to testify fully and accurately.' Evid.R. 803(5)." *State v. Keenan* (1993), 66 Ohio St.3d 402, 412, 613 N.E.2d 203. Specifically, to admit a statement as a past recollection recorded, a party must establish (1) that the witness has insufficient memory to accurately testify to crucial information, (2) that the witness can show through his testimony that the past recollection recorded was made or adopted when the matter was fresh in the witness's memory, and (3) that the past recollection recorded correctly reflects the knowledge the witness had at the time it was recorded. Evid.R. 803(5); *State v. Perry* (2002), 147 Ohio App.3d 164, 171, 768 N.E.2d 1259. If a writing is admitted pursuant to Evid.R. 803(5), the contents of the writing may be read into evidence, but the writing itself may not be received as an evidentiary exhibit unless offered by the adverse party.

{¶ 10} In the case sub judice, Dr. Sherman testified that he did not specifically remember appellant and that he did not remember performing an independent medical evaluation on appellant in August 2000. He testified that he sees between 50 and 60 patients a week. Dr. Sherman further stated that he prepares reports of his evaluations to describe his findings while they are still fresh in his mind and that his testimony regarding appellant was based on the report prepared after appellant's examination.

{¶ 11} Appellant's trial counsel objected to Dr. Sherman's testimony, asserting that while the evaluation report was insufficient to refresh the doctor's memory,

Dr. Sherman was attempting to read his report as if he remembered the evaluation. The trial court found that Dr. Sherman lacked a present recollection of the evaluation. However, the trial court determined that Dr. Sherman's evaluation report correctly reflected the knowledge he had at the time the report was made, in August 2000. Therefore, the trial court overruled appellant's objection and allowed Dr. Sherman's testimony. Dr. Sherman's written evaluation report was not offered as an exhibit and was not entered into evidence.

{¶ 12} We find that the trial court did not err in admitting Dr. Sherman's testimony. Although the evaluation report did not serve to refresh the doctor's testimony as required by Evid.R. 612, we find that the report met the criteria to be admissible as a past recollection recorded pursuant to Evid.R. 803(5), as Dr. Sherman had insufficient memory to accurately testify, he stated that he made the report when the findings were fresh in his mind, and he stated that he takes a lot of time with his reports to ensure their accuracy.

{¶ 13} After reviewing appellant's brief and listening to oral argument, it appears that appellant objects to the *manner* in which Dr. Sherman's testimony was given, not the *content* of that testimony. Rather than engage in an uninterrupted reading of the report from beginning to end without pause, Dr. Sherman would read a portion of his report then pause and respond to a question posed to him by appellee's counsel. These questions and answers occurring midstream in Dr. Sherman's reading of his report were generally limited to elaborating on the particular procedures and tests utilized for the evaluation.

{¶ 14} Appellant has cited no authority that forbids this manner of presentation, i.e., the reading by its author of the contents of a recollection recorded interspersed with real-time questions and answers serving to explain the procedures and tests employed in collecting the information that constitutes the recorded recollection. We hold, therefore, that the trial court did not abuse its discretion in allowing Dr. Sherman to testify in this manner.

{¶ 15} Accordingly, appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

The trial court erred in excluding the treatment records of Robert A. MacGuffie, Ph.D., dated June 16, 2000, September 10, 2001, and April 5, 2002.

{¶ 16} In this assignment of error, appellant argues that some of the records of his treating physician, Dr. Robert MacGuffie, were improperly excluded from evidence by the trial court. The records in question were three letters, written by Dr. MacGuffie and addressed to appellant's counsel. The first letter, dated June 16, 2000, is 12 pages in length and details the psychological examination of appellant performed on May 23, 2000, by Dr. MacGuffie. The second

letter, dated September 10, 2001, updates appellant's condition, and the third letter, dated April 5, 2002, discusses Dr. MacGuffie's disagreement with a diagnosis made by another doctor who had examined appellant.

{¶ 17} The trial court excluded these records from evidence. The court found that the letters were in response to an inquiry by appellant's counsel and did not qualify as official business records. The trial court further found that the letters referring to the opinions or reports of other doctors contained inadmissible hearsay. The trial court, however, admitted a personality assessment inventory performed on appellant by Dr. MacGuffie as well as all of Dr. MacGuffie's handwritten notes on the treatment of appellant.

{¶ 18} Appellant asserts that these letters were kept as part of Dr. MacGuffie's official business and qualify as business records pursuant to Evid.R. 803(6). Appellant additionally contends that the findings of other physicians contained in Dr. MacGuffie's records are excepted from the hearsay rule by Evid.R. 803(4) as statements made for purposes of medical treatment.

{¶ 19} Evid.R. 803(6) provides an exception to the hearsay rule for records made in the ordinary course of business, if authenticated by a qualified witness, unless "the method or circumstances of preparation indicate lack of trustworthiness." Dr. MacGuffie testified that he saw appellant for an initial psychological evaluation on May 23, 2000. Dr. MacGuffie testified that he began treating appellant regularly beginning in October 2000. Appellant filed his application with the Industrial Commission to allow a claim for the condition of "adjustment disorder with mixed anxiety and depressed mood" in July 2000. Because Dr. MacGuffie's letters dated September 10, 2001, and April 5, 2002, were written to appellant's counsel while litigation was pending, it was not unreasonable for the trial court to conclude that the circumstances of their preparation indicated a lack of trustworthiness.[1] Therefore, we find that the trial court did not abuse its discretion by excluding these letters.

{¶ 20} The letter dated June 16, 2000, containing the results of Dr. MacGuffie's initial psychological evaluation of appellant, requires additional analysis. The trial court found that parts of the letter were inadmissible hearsay. The letter refers to a list of medical records from other physicians who had treated appellant and includes Dr. MacGuffie's summary of the diagnoses and conclusions contained in those records. Appellant contends that the trial court

---

1. The First District Court of Appeals observed in *State v. Lane* (1995), 108 Ohio App.3d 477, 488, 671 N.E.2d 272, that "[w]here a document generally satisfies the elements of Evid.R. 803(6), but was prepared in anticipation of litigation, the underlying rationale of trustworthiness is supplanted by a natural motivation to color the facts in favor of the requesting entity."

erred in the exclusion of this evidence, because the diagnoses of other physicians fall within the hearsay exception of Evid.R. 803(4).

{¶ 21} Evid.R. 803(4) provides that statements made for the purpose of medical diagnosis or treatment are an exception to the hearsay rule. This exception is generally applicable for the purpose of admitting statements made *by a patient, to a doctor,* for the purpose of treatment. These types of statements are excluded from the hearsay rule, as they have sufficient guarantees of trustworthiness. We find Evid.R. 803(4) to be inapplicable to the case sub judice. The June 16, 2000 letter does not contain appellant's statements to Dr. MacGuffie. Rather, the letter contains Dr. MacGuffie's personal summary of medical diagnoses made by 13 other physicians with whom Dr. MacGuffie had no personal contact. The admission of a report containing the diagnosis or opinion of a physician other than the one testifying is not permitted. *Hytha v. Schwendeman* (1974), 40 Ohio App.2d 478, 69 O.O.2d 419, 320 N.E.2d 312. Therefore, we do not find that the trial court abused its discretion in excluding this portion of the June 16, 2000 letter, as the diagnoses of other physicians do not meet the hearsay exception of Evid.R. 803(4).

{¶ 22} However, the remainder of the June 16, 2000 letter, with the exclusion of the diagnoses by other physicians, appears to have been relevant, admissible evidence. Assuming, without deciding, that the trial court's exclusion of the remaining portion of the letter was in error, the exclusion of the evidence was, at most, harmless error. "No error in * * * the admission * * * of evidence * * * is ground for granting a new trial or for setting aside a verdict * * * unless * * * such action appears to the court inconsistent with substantial justice." Civ.R. 61. In order to support reversal of a judgment, the record must show affirmatively that the error was to the prejudice of the party seeking reversal. See *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 41 O.O.2d 412, 233 N.E.2d 137.

{¶ 23} Dr. MacGuffie testified by video deposition at trial. During his testimony he stated that he performed a personality assessment inventory of appellant. Dr. MacGuffie explained the process and results of the evaluation. This is the same information contained in the excluded letter. The admission of the June 16, 2000 letter summarizing the evaluation would have been merely cumulative to Dr. MacGuffie's testimony. Accordingly, we do not find that the trial court abused its discretion in excluding the June 12, 2000 letter from evidence, and we do not find that the trial court's ruling resulted in prejudice to appellant.

{¶ 24} Appellant's second assignment of error is overruled.

{¶ 25} Having found no error prejudicial to appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.