OPINION *Page 2 
{¶ 1} Defendant-appellant Rickey Jones (hereinafter "Rickey") appeals the Union County Court of Common Pleas finding of contempt and imposition of a jail sentence for his failure to pay court ordered child support to plaintiff-appellee Amanda Jones (hereinafter "Amanda"). For the reasons that follow, we affirm.
 {¶ 2} Rickey and Amanda have two children. On October 12, 2004, the trial court ordered Rickey to pay child support in the amount of $113.24 per week, per child for a total monthly obligation of $1001.04, including a processing fee.
 {¶ 3} On September 27, 2005, Rickey appeared before the trial court and admitted that he had the means to pay child support but was not paying. Consequently, the trial court found Rickey in contempt and sentenced him to thirty (30) days in jail but suspended the sentence on several conditions, including that Rickey immediately begin and continue to pay his child support obligations. *Page 3 
 {¶ 4} On February 15, 2006, the Union County Child Support Enforcement Agency (CSEA) filed a motion with the trial court seeking to impose the suspended thirty (30) day jail sentence for Rickey's failure to comply with the court order.
 {¶ 5} On August 17, 2006, the trial court held a hearing on the motion and heard testimony from Rickey regarding his non-payment of child support. Rickey testified about his health problems and his inability to pay support. The trial court found that Rickey was unable to prove that he was incapable of complying with the court's order and imposed a seven (7) day sentence in the county jail. The trial court also ordered Rickey to begin and continue to pay his child support obligation of $1001.04 per month.
 {¶ 6} Rickey now appeals the trial court's imposition of a seven day jail sentence and the trial court's order to begin and continue to pay child support asserting five assignments of error for review.
 {¶ 7} The trial court has inherent authority to enforce its prior orders through contempt. Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302,623 N.E.2d 1272. This court will not reverse a finding of contempt absent an abuse of discretion by the trial court. Webb v. Webb (Feb. 25, 1999), 3d Dist. No. 9-98-33, at *2, citing Dozer (1993),88 Ohio App.3d at 302. An appellate court reviews the punishment imposed for contempt under an abuse of discretion standard as well. Montgomery v.Montgomery, 4th Dist. Nos. 03CA2923, 03CA2925, 2004-Ohio-6926, ¶ 35. *Page 4 
 {¶ 8} An abuse of discretion is more than a legal error; it implies the decision was "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When reviewing a finding of contempt, an appellate court may not substitute its judgment for that of the trial court. Watson v.Wolsonovich (1996), 112 Ohio App.3d 565, 569, 679 N.E.2d 350.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A JAIL SENTENCE UPON APPELLANT AND RAISING APPELLANT'S CHILD SUPPORT OBLIGATIONS BECAUSE BOTH TRIAL COURT ACTIONS WERE ARBITRARY AND AGAINST THE WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING THE UNION COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S MOTION TO IMPOSE CHILD SUPPORT, RESULTING IN A JAIL SENTENCE UPON APPELLANT, BEFORE THE AGENCY PRESENTED ANY EVIDENCE.
 ASSIGNMENT OF ERROR NO. V THE TRIAL COURT'S IMPOSITION OF A JAIL SENTENCE AGAINST APPELLANT AND INCREASE OF APPELLANT'S CHILD SUPPORT OBLIGATIONS WERE IMPROPER AS THEY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} Assignments of error one, two, and five all raise issues related to the imposed jail sentence and child support so we will address them together and out of the order they appear in the brief. In his first assignment of error, Rickey argues that the trial *Page 5 
court abused its discretion when it imposed a jail sentence and raised his support obligations.[1] In his second assignment of error, Rickey argues that the trial court abused its discretion when it decided to impose a jail sentence before the trial court heard testimony. In his fifth assignment of error, Rickey argues that the jail sentence and child support imposed was against the manifest weight of the evidence.
 {¶ 10} Before deciding the merits of Rickey's arguments, we note that Amanda failed to file a brief with this court. In this situation, App.R. 18(C) provides: "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." We, therefore, accept Rickey's statement of the facts and issues as correct. Nonetheless, we are not persuaded that Rickey's brief reasonably appears to sustain a reversal.
 {¶ 11} In support of his first and second assignments of error, Rickey argues that the trial court decided to impose jail time before it heard any evidence. Rickey points to the hearing transcript where the court states the following:
 MS. GABA: Your Honor, there are several motions pending. Who would be going first?
 THE COURT: Pardon?
 MS. GABA: I said there are several motions. Are you talking about —
 THE COURT: Yeah. The first motion that's before the Court is the CSEA's motion to impose child support. Now, if you'd like to go forward with yours at this point in time, I'm going to impose a jail sentence with regard to payment of child support. *Page 6 
 {¶ 12} In a civil contempt proceeding for failure to pay child support, the movant must demonstrate, by clear and convincing evidence, that the defendant violated the court order. Stuber v. Stuber, 3d Dist. No. 1-02-65, 2003-Ohio-1795, ¶ 19. Although we note that the trial court inappropriately stated that it was imposing the jail sentence prior to the movant producing evidence, it did hold a hearing on CSEA's motion to impose the suspended jail sentence. During that hearing, Rickey took the stand and essentially admitted that he failed to pay child support as required by the court order:
 DAWSON: You know you've got a child support order, right?
 RICKEY: Yes, I do.
 * * *
 DAWSON: You know that you have a legal statutory duty to support those children, don't you.
 RICKEY: Yes, I do.
 * * *
 DAWSON: And so you knew you were supposed — or were ordered to pay child support from whenever they initially sent that support order, which was November of 2002. That up until your attorney filed in 2006, you knew you had a child support order? RICKEY: Yes.
 * * *
 DAWSON: And there were many, many months between the effective date of that child support order going back to 2002 when you didn't pay child support?
 RICKEY: Yes.
 DAWSON: And you haven't paid any child support with the exception of October, November, and December of 2005. The last time you paid any child support was in December 2004. You paid $130.24 in December 2004, right?
 RICKEY: With the exception of GI Plastyk, yes.
(Aug. 17, 2006 Tr. at 62-63). *Page 7 
 {¶ 13} Although we agree that the trial court inappropriately stated that it was imposing the jail sentence prior to the movant producing evidence, we do not think that this statement, by itself, rises to the level of an abuse of discretion. This court will not reverse a finding of contempt absent an abuse of discretion by the trial court.Webb, 3d Dist. No. 9-98-33, at *2, citing Dozer (1993),88 Ohio App.3d at 302. An abuse of discretion is more than a legal error; it implies the decision was "unreasonable, arbitrary, or unconscionable."Blakemore (1983), 5 Ohio St.3d at 219.
 {¶ 14} The judgment entry identifies hearing testimony upon which the trial court based its decision to impose jail time and continue Rickey's child support payments. In fact, the sentence imposed, itself, demonstrates that the trial court likely considered the testimonial evidence. The trial court had previously made a finding that defendant was in contempt and suspended thirty days of jail time. By imposing only seven days of the suspended thirty day jail sentence, the court exercised its discretion. In light of the fact that before rendering its decision, the trial court considered testimony that could support its findings, we cannot say that its decision was unreasonable, arbitrary, or unconscionable.
 {¶ 15} Rickey's first and second assignments of error are, therefore, overruled.
 {¶ 16} In his fifth assignment of error, Rickey argues that the manifest weight of the evidence does not support a jail sentence and increase of child support. In support of his argument Rickey asks this court to utilize its traditional manifest weight standard; *Page 8 
however, this is the incorrect standard of review for findings of contempt for failure to pay child support. We review findings of contempt and sentences imposed in this context under an abuse of discretion standard. Nichol v. Nichol (May 8, 2000), 7th Dist. No. 97-CA-143, at *3, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (per curiam).
 {¶ 17} As we have outlined supra, the evidence presented at the hearing was adequate for the court to conclude that Rickey failed to make his child support payments as ordered by the court. The court considered Rickey's testimony regarding his medical conditions as a legitimate reason for not maintaining employment; however, the court also heard evidence that Rickey was working on his car (Aug. 17, 2006 Tr. at 61) and running his truck in a mud race (Id.). The trial court exercised its inherent power to judge credibility and weigh evidence. See e.g. State v. Lucas, 7th Dist. No. 01-BA-12, 2002-Ohio-2408, ¶ 9, citing State v. Dehass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In the end, the trial court determined that Rickey was in contempt and sentenced him to seven days in jail. We do not believe that the trial court's finding of contempt, its imposed sentence, or its order to continue support constituted an abuse of discretion.
 {¶ 18} Rickey's fifth assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY CLASSIFYING RELEVANT EVIDENCE AS TO *Page 9 APPELLANT'S MEDICAL CONDITION AS INADMISSIBLE HEARSAY.
 {¶ 19} In his third assignment of error, Rickey argues that the medical reports offered into evidence are admissible under Evid.R. 803(4)'s exception to the hearsay rule, because they contained statements relating to his symptoms and diagnosis. Although we agree that the trial court was incorrect to exclude certain portions of the medical records from evidence, we conclude that their exclusion was harmless error.
 {¶ 20} Evidence Rule 803(4) provides the following hearsay exception:
 (4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
To begin with, this exception generally applies to statements madeby the patient to the physician for purposes of medical treatment, not statements made by the physician concerning a diagnosis. Johnson v.Cassens Transport Co., 158 Ohio App.3d 193, 2004-Ohio-4011,814 N.E.2d 545, at ¶ 21. "The admission of a report containing the diagnosis or opinion of a physician other than the one testifying is not permitted." Id., citing Hytha v. Schwendeman (1974), 40 Ohio App.2d 478,320 N.E.2d 312.
 {¶ 21} In this case no physicians testified; therefore, any physician statements in the reports regarding Rickey's diagnosis are inadmissible hearsay not covered by Evid.R. 803(4). Thus, the trial court was correct to exclude those portions of the medical reports. *Page 10 
 {¶ 22} On the other hand, Rickey's statements in the medical reports concerning his symptoms reported to the physician for purposes of treatment are within Evid.R. 803(4). However, "[n] o error in * * * the exclusion * * * of evidence * * * is ground for granting a new trial or for setting aside a verdict * * * unless * * * such action appears to the court inconsistent with substantial justice." Civ.R. 61. "In order to support reversal of a judgment, the record must show affirmatively that the error was to the prejudice of the party seeking reversal."Johnson, 2004-Ohio-4011, at ¶ 22, citing Smith v. Flesher (1967),12 Ohio St.2d 107, 233 N.E.2d 137.
 {¶ 23} Although the trial court excluded the medical records in their totality, Rickey was able to testify regarding his symptoms, which constituted the portions of the medical records that were admissible but improperly excluded. Rickey testified that he suffered from Crohn's disease, colitis, psoriasis, kidney stones, depression, a double collapsed lung, and double strep pneumonia. (Aug. 17, 2006 Tr. at 44). He testified that his Crohn's disease causes stomach pain, bleeding, swelling, loss of appetite, loss of weight, and frequent trips to the restroom. (Id. at 49). Consequently, the evidence of Rickey's symptoms was before the court in testimonial form even if it was not admitted via the medical reports.
 {¶ 24} Since the trial court considered the admissible evidence from the reports via Rickey's testimony, we cannot say that the trial court's exclusion of the portions of the medical reports containing the same information is a reversible error. *Page 11 
 {¶ 25} Rickey's third assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. IV THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY FAILING TO PROVIDE HIM AN OPPORTUNITY TO BE HEARD ON HIS MOTION TO THE COURT TO CONSIDER HIS MEDICAL CONDITION IN DETERMING HIS SUPPORT OBLIGATIONS.
 {¶ 26} In his fourth assignment of error, Rickey argues that the court denied him due process of law by failing to provide him an opportunity to be heard on his motion before the court. Rickey alleges that his October 27, 2004 letter to the Union County Court of Common Pleas, Juvenile Division asking for a recalculation of his child support order was a proper motion before the court for consideration. We disagree.
 {¶ 27} We review a trial court's decision to dismiss a motion for failing to meet Juv.R. 19 requirements under an abuse of discretion standard. In re Lane, 4th Dist. No. 02CA61, 2003-Ohio-3755, ¶ 6. See also, In re Lucas (1985), 29 Ohio App.3d 165, 171, 504 N.E.2d 472. An abuse of discretion is more than a legal error; it implies the decision was "unreasonable, arbitrary, or unconscionable." Blakemore (1983),5 Ohio St.3d at 219.
 {¶ 28} Juv.R. 19 provides the following:
 An application to the court for an order shall be by motion. A motion other than one made during trial or hearing shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority and may be supported by an affidavit. *Page 12 
Rickey's letter fails to meet the requirements Juv.R. 19. First, the letter did not state that it was a motion before the court nor was it served upon the parties. See In re DD, 8th Dist. No. 83537,2004-Ohio-4243, ¶¶ 15-16. Second, the letter did not include any legal memorandum for the court. Pro se litigants must follow the rules of civil procedure. Id. at ¶ 16. "Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law * * *." Id., citing Jones Concrete, Inc. v. Thomas (Dec. 22, 1999), 9th Dist. No. 2957-M.
 {¶ 29} The trial court sent a response letter to Rickey advising him that court personnel do not give legal advice, and the court will not act on a letter alone. The court also advised Rickey to discuss the matter with CSEA and to seek counsel if those efforts failed. Upon these facts, we cannot say that the trial court abused its discretion when it did not treat Rickey's letter as a motion under Juv.R. 19.
 {¶ 30} Rickey's fourth assignment of error is, therefore, overruled.
 {¶ 31} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] Although Rickey maintains that the trial court increased his support obligation, the record indicates that the trial court simply re-imposed its original support order. (Sept. 11, 2005 JE at 4). *Page 1