[Cite as *Guarino-Wong v. Hosler*, 2013-Ohio-1625.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                                |   |                                |
|--------------------------------|---|--------------------------------|
| CANDICE GUARINO-WONG,          | : | APPEAL NO. C-120453            |
|                                |   | TRIAL NO. A-1006501            |
| and                            | : |                                |
|                                |   | *O P I N I O N.*               |
| RANDY WONG,                    | : |                                |
|                                |   |                                |
| Plaintiffs-Appellants,         | : |                                |
|                                |   |                                |
| vs.                            | : |                                |
|                                |   |                                |
| LEAH HOSLER,                   | : |                                |
|                                |   |                                |
| Defendant-Appellee.            | : |                                |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 24, 2013

*Robbins, Kelly, Patterson & Tucker* and *Daniel Temming*, for Plaintiffs-Appellants,

*David J. Balzano*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

S̲ylvia S. H̲endon, **Presiding Judge.**

{¶1} Plaintiffs-appellants Candice Guarino-Wong and Gary Wong commenced this personal injury action against defendant-appellee Leah Hosler. Hosler had rear-ended Guarino-Wong in an automobile accident, and Guarino-Wong sought to recover for damages that she had suffered, including damages for medical expenses, lost wages, physical and mental pain and suffering, impairment of normal life enjoyment, and future pain and suffering. Gary Wong had sought damages for the loss of his wife's consortium. Following a jury trial, Guarino-Wong was awarded $10,968.40, an amount significantly less than that which she had sought to recover.

{¶2} This appeal concerns the propriety of the trial court's admission of a medical report issued by Dr. George Jewell, who had examined Guarino-Wong but did not provide testimony in this case, as well as trial testimony from Drs. Henry Kenkel and Thomas Bender concerning Dr. Jewell's report.

### Dr. Jewell's Report

{¶3} Following the automobile accident that occurred in July of 2008, Guarino-Wong had received treatment from Dr. Henry Kenkel. In 2011, Dr. Kenkel referred Guarino-Wong to Dr. Jewell for a neuropsychological examination. After examining Guarino-Wong, Dr. Jewell issued a report detailing his findings. Dr. Jewell's report summarized the symptoms experienced by Guarino-Wong and provided conclusions and opinions reached by Dr. Jewell. As relevant to this appeal, Dr. Jewell had concluded that Guarino-Wong had put forth a limited test taking effort during her evaluation, that she was likely to see herself as having a history of

complex medical problems, and that the symptoms experienced by Guarino-Wong were not typical of the natural course of a traumatic brain injury.

{¶4} Guarino-Wong did not present Dr. Jewell as a witness at trial. But she did present testimony from Dr. Kenkel, who opined that, in his expert opinion, Guarino-Wong's injuries were causally related to the automobile accident, and that the treatment that he had rendered to Guarino-Wong following the automobile accident had been necessary for her recovery. On cross-examination, defense counsel questioned Dr. Kenkel regarding his referral of Guarino-Wong to Dr. Jewell for a neuropsychological examination. Dr. Kenkel stated that he had received a copy of Dr. Jewell's report on Guarino-Wong, and that the report had become a part of his chart. Over objection, Dr. Kenkel read various portions of Dr. Jewell's report, including Dr. Jewell's opinion that "[o]verall she does not describe a pattern of cognitive improvement over time as is typical of mild traumatic brain injury."

{¶5} Hosler presented testimony from Dr. Thomas Bender, who had performed an independent medical examination on Guarino-Wong. Dr. Bender opined that, in his expert opinion, Guarino-Wong's herniated disk and bulging disk were caused by chronic degeneration, rather than the automobile accident, and that certain treatment received by Guarino-Wong following the automobile accident had not been necessary. Dr. Bender further testified that he had reviewed the report issued by Dr. Jewell, and over objection he summarized and read for the jury various findings and conclusions reached by Dr. Jewell in that report.

{¶6} At the close of trial, Dr. Jewell's report was admitted into evidence over objection from Guarino-Wong. The jury returned a verdict in the amount of $10,958.40. Guarino-Wong filed a motion for a new trial under Civ.R. 59. She

argued that the trial court had committed an error of law by allowing Drs. Kenkel and Bender to testify about Dr. Jewell's report and by admitting into evidence the same report. The trial court denied the motion.

{¶7} Guarino-Wong now appeals. In her first three assignments of error, she argues that the trial court erred in allowing Dr. Bender to read from Dr. Jewell's medical report, that the trial court erred in allowing Dr. Kenkel to read from Dr. Jewell's report, and that the trial court erred in admitting into evidence the written report of Dr. Jewell. We address these assignments together.

### Evid.R. 803(4) and Evid.R. 803(6)

{¶8} Both Guarino-Wong and Hosler agree that the statements contained within Dr. Jewell's report are hearsay. *See* Evid.R. 801(C). So we must determine whether an Evid.R. 803 hearsay exception provided for admission of the evidence. When reviewing the admission of this evidence, we give little deference to the trial court's decision. *Meyers v. Hot Bagels Factory, Inc.*, 131 Ohio App.3d 82, 100, 721 N.E.2d 1068 (1st Dist.1999). Rather, pursuant to Evid.R. 103(A), we are guided by the presumption that errors in the admission of hearsay are harmless unless the admission affects a party's substantial rights. *Id.* at 101.

{¶9} Hosler argues that the report and statements read from the report are admissible pursuant to Evid.R. 803(4) as statements made for the purposes of medical diagnosis or treatment. This rule provides that the following are admissible:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or

4

external source thereof insofar as reasonably pertinent to diagnosis or treatment.

We are not persuaded by this argument. The report prepared by Dr. Jewell contains both statements by Guarino-Wong explaining her symptoms, as well as medical opinions and conclusions reached by Dr. Jewell. The statements read from the report by Drs. Kenkel and Bender were opinion and diagnostic statements from Dr. Jewell.

{¶10} Evid.R. 803(4) excepts as hearsay statements made for the purposes of medical diagnosis and treatment because of "the assumption that a person will be truthful about his physical condition to a physician because of the risk of harmful treatment resulting from untruthful statements." Staff notes to Evid.R. 803(4). We hold that Evid.R. 803(4) applies to statements made by a patient for purposes of that patient's medical diagnosis and treatment. It cannot be used to admit opinion testimony of treating physicians. *See Johnson v. Cassens Transport Co.*, 158 Ohio App.3d 193, 2004-Ohio-4011, 814 N.E.2d 545, ¶ 21 (3d Dist.) (Evid.R. 803(4) "is generally applicable for the purpose of admitting statements made by a patient, to a doctor, for the purpose of treatment."). *See also Golden v. George Gradel Co.*, 6th Dist. No. L-88-091, 1989 Ohio App. LEXIS 492, *8 (Feb. 17, 1989) (Evid.R. 803(4) encompasses only statements made by a patient to medical personnel concerning the patient's physical condition).

{¶11} Because Dr. Jewell's report contained statements and opinions formulated by the doctor himself, and because Drs. Kenkel and Bender read Dr. Jewell's opinions from the report, Evid.R. 803(4) cannot serve as an exception to allow admission of the hearsay evidence.

{¶12} Hosler further argues that this evidence was admissible pursuant to Evid.R. 803(6), the hearsay exception pertaining to records of regularly conducted activity. A record will qualify for admission as a hearsay exception under Evid.R. 803(6) when it is shown that the record was regularly recorded in a regularly conducted activity, was made by a person with knowledge of the activity, was recorded at or near the time of the activity, and that a foundation for the record was laid by a custodian of the record or by an otherwise qualified person. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 170, citing Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73.

{¶13} Medical records are one type of record that may be admissible under this hearsay exception. But we find that Evid.R. 803(6) does not provide for admission of the evidence in this case because there was no testimony by a record custodian or otherwise qualified person as to the requirements stated above, namely that the report had been generated in the regular course of business. A witness providing such testimony "need not have firsthand knowledge of the transaction, but he or she must demonstrate familiarity with the operation of the business and the circumstances of the record's preparation, maintenance and retrieval." *State v. Fraley*, 6th Dist. No. WD-11-045, 2012-Ohio-4994, ¶ 30. Neither Dr. Jewell nor a qualified representative testified at trial regarding the preparation of the medical report and that it had been kept in the ordinary course of business. Dr. Kenkel had testified that Dr. Jewell's report was part of his medical chart on Guarino-Wong, but that his office had not participated in the preparation of the record. This was not sufficient to comply with the requirements of Evid.R. 803(6).

{¶14} It is common and acceptable for expert medical witnesses to review and comment upon a plaintiff's medical records, and it was not per se error for Drs. Kenkel and Bender to reference Dr. Jewell's report. An expert may state that he or she has reviewed a plaintiff's medical records and may provide reasons why the expert agrees or disagrees with the contents of the records. Testimony of this nature does not require a record custodian or qualified witness to independently testify as to the requirements of Evid.R. 803(6). But in this case, the testimony elicited from Drs. Kenkel and Bender went beyond such acceptable testimony. Both doctors read and quoted medical opinions and conclusions contained within the report. This report was then admitted into evidence, providing the jury further opportunity to review Dr. Jewell's medical opinions. When a medical report is used by an expert in such a substantive manner, a record custodian or other qualified witness must testify that the record was kept in the regular course of business, was recorded at or near the time of activity, and was made by a person with knowledge of the activity pursuant to Evid.R. 803(6).

{¶15} We further find that Dr. Jewell's report and the testimony regarding the report were inadmissible under Evid.R. 803(6) because they contained Dr. Jewell's opinions. This court has held that "Evid.R. 803(6) does not allow for opinions and diagnoses found in business records to be admitted into evidence." *Meyers*, 131 Ohio App.3d at 101, 721 N.E.2d 1068. Hosler has cited *Smith v. Dillard's Dept. Stores, Inc.*, 8th Dist. No. 75787, 2000 Ohio App. LEXIS 5820 (Dec. 14, 2000), in which the Eighth Appellate District addressed this issue and reached the opposite conclusion. The *Smith* court compared Evid.R. 803(6) to Fed.R.Evid. 803(6). It noted that the Ohio evidentiary rule provided for records of acts, events,

or conditions contained in reports to be admissible as hearsay exceptions, whereas the rule's federal counterpart provided that records "of an act, event, condition, *opinion, or diagnosis*" contained in a report could be admissible as hearsay exceptions. *Id.* at *20-21. *See* Fed.R.Evid. 803(6).

{¶16} After comparing the state and federal rules, the *Smith* court noted that

Because the federal rule setting forth the hearsay exception regarding records of regularly conducted business activity was adopted, at least in part, to reflect the common law of this state, we cannot say that the omission of the words 'opinion' and 'diagnoses' in Evid.R. 803(6) reflects an intent to preclude the admissibility of an otherwise qualified medical report or record under that exception merely because the report or record contains out-of-court opinions or diagnoses.

*Smith* at *23-24. The *Smith* court ultimately held that otherwise admissible medical records could not be excluded under Evid.R. 803(6) solely because they contained an opinion or diagnosis. *Id.* at *27.

{¶17} But other districts have joined the *Meyers* court in concluding that medical records containing opinions and diagnoses are not admissible under Evid.R. 803(6). *See Ruth v. Moncrief*, 2d Dist. No. 18479, 2001 Ohio App. LEXIS 4886, *8 (Nov. 2, 2001) ("[t]he great weight of authority in Ohio holds that medical opinions and diagnoses are not within the hearsay exception of Evid.R. 803(6)."). The Ohio Supreme Court has not yet decided this issue. The holding in *Meyers* is the law of this district, and in following it we hold that Dr. Jewell's report, and testimony from other doctors quoting that report, is inadmissible under Evid.R. 803(6) because the evidence contains Dr. Jewell's opinions.

{¶18} Because this evidence was not admissible under Evid.R. 803(4) or Evid.R. 803(6), we must determine whether admission of the evidence constituted harmless error or whether it affected Guarino-Wong's substantial rights. In this case, in which liability had been stipulated and the sole issue for the jury to determine was the amount of damages to be awarded, we cannot conclude that the admission of this evidence constituted harmless error. Guarino-Wong had presented testimony that the treatment she had received following the automobile accident had been necessary for her recovery. She had further presented testimony concerning the extent of her injuries and the debilitating affect that she alleged they had on her lifestyle. Hosler, in turn, presented expert testimony that much of the treatment received by Guarino-Wong had not been necessary, and that a chronic condition, rather than the automobile accident, had been the cause of injury.

{¶19} Dr. Jewell's report largely supported the testimony of Hosler's expert. The report had concluded that Guarino-Wong had not suffered a traumatic brain injury in the accident, and that she likely saw herself as having a history of complex medical problems, even though she appeared relatively healthy to others. Given the nature of this testimony, we cannot say that it did not affect Guarino-Wong's substantial rights or the outcome of the trial. The admission of this evidence constituted reversible error. The first, second, and third assignments of error are sustained.

### *Motion for a New Trial*

{¶20} In her fourth assignment of error, Guarino-Wong argues that the trial court erred in overruling her motion for a new trial. Pursuant to 1st Dist. Loc.R. 16.1(A)(3), an appellant must provide the relevant standard of review along with

citations to the record and relevant authority to support a raised assignment of error. Guarino-Wong has provided no argument in her appellate brief in support of this assignment of error, nor has she cited any relevant authority. Consequently, we overrule this assignment of error.

### *Conclusion*

{¶21} The trial court erred in allowing Drs. Kenkel and Bender to substantively read from a medical report issued by a doctor who had examined Guarino-Wong but had not testified at trial, and by admitting that medical report into evidence. Because the admission of this hearsay evidence affected Guarino-Wong's substantial rights, the judgment of the trial court is reversed. This cause is remanded for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

DINKELACKER , J., concurs.
DEWINE, J., concurs in judgment only.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.