JEFFERSON, Appellant,

v.

**CAREWORKS OF OHIO, LTD., Appellee;**

**Ryan, Admr., Appellee.**

[Cite as *Jefferson v. CareWorks of Ohio, Ltd.*, 193 Ohio App.3d 615, 2011-Ohio-1940.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–785.

Decided April 21, 2011.

</div>

616

618

The Isaac Firm, L.L.C., and Kendall D. Isaac;  and Lasheyl Stroud, for appellant.

Zeiger, Tigges & Little L.L.P., Marion H. Little Jr., and Kris Banvard, for appellee CareWorks of Ohio, Ltd.

DORRIAN, Judge.

{¶ 1} Appellee-appellant, Lakisha S. Jefferson ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint and entering judgment in favor of appellant-appellee, CareWorks of Ohio, Ltd. ("appellee"), and appellee-appellee, Marsha P. Ryan, Administrator of the Bureau of Workers' Compensation.[1]

{¶ 2} Appellee employed appellant as a case specialist beginning in June 2007. Appellant alleges that on December 10, 2008, she slipped on a wet floor in appellee's office.  Appellant slipped and stumbled, but caught herself without falling to the floor.  Appellant claims that as a result of this incident, she suffered injuries to her neck, knee, and ankle.  Appellant filed a claim with the Bureau of Workers' Compensation, and the Industrial Commission of Ohio granted appellant's application to participate in the Workers' Compensation Fund for a cervical sprain/strain and right ankle sprain/strain.  Appellee appealed the Industrial

---

1. Marsha P. Ryan, in her official capacity as administrator of the Bureau of Workers' Compensation, was named as a codefendant in appellee's petition under R.C. 4123.512(D) in the Franklin County Court of Common Pleas.  The Bureau of Workers' Compensation has not appeared in or participated in the present appeal.

Commission's order to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512.

{¶ 3} The case was tried to a judge on July 7, 2010. Appellant testified on her own behalf and offered certain exhibits as evidence, then rested her case. Appellee then moved for dismissal of appellant's case and a judgment in its favor on the grounds that appellant failed to establish that the alleged accident caused her injuries. After hearing arguments from counsel, the trial court granted appellee's motion and granted a verdict for appellee.

{¶ 4} Appellant appeals from the trial court's order granting judgment in favor of appellee and the Bureau of Workers' Compensation, setting forth two assignments of error:

> 1. [The trial court] erred in disallowing plaintiff's exhibits.[2]
>
> 2. [The trial court] erred in dismissing the case after Appellant rested on her case in chief without calling a medical expert.

{¶ 5} Appellant claims in her first assignment of error that the trial court erred in excluding three exhibits offered at trial. The proffered exhibits consisted of several medical records from appellant's physician and a letter from appellant's physician to appellant's counsel (collectively "medical-records exhibit"), appellant's first report of an injury, occupational disease or death form ("FROI exhibit"), and the records of proceedings related to appellant's claim before the Industrial Commission ("IC records exhibit").

{¶ 6} "The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion." *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290. "To warrant reversal, therefore, the trial court's discretionary evidentiary ruling must be unreasonable, arbitrary, or unconscionable." *Bishop v. Ohio Bur. of Workers' Comp.* (2001), 146 Ohio App.3d 772, 768 N.E.2d 684, citing *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056.

{¶ 7} Contrary to appellant's assertion that the exhibits were completely excluded, the trial court partially admitted two of the three exhibits at issue. The trial court admitted as evidence the portions of the medical-records exhibit completed by appellant herself but excluded the portions completed by appellant's physician. Likewise, the trial court admitted the FROI exhibit, except for the portion of the form completed by appellant's physician. The trial court

---

2. Appellant's brief contains two different statements of the first assignment of error. Here, we use the statement that more accurately describes the content of appellant's argument.

completely excluded the IC records exhibit. We will consider in turn the trial court's rulings on each of the three exhibits.

{¶ 8} The medical-records exhibit consisted of a fax cover sheet from appellant's physician, two pages of the physician's notes, a two-page "patient information questionnaire" that appears to have been completed by appellant, a two-page "case detail" form, and a letter from appellant's physician to appellant's counsel. The trial court excluded the portions of the medical-records exhibit completed by appellant's physician and containing the physician's opinions because they constituted hearsay. Hearsay is defined as a statement, other than one made by the person testifying, that is offered for the truth of the matter asserted. Evid.R. 801(C). Appellant's physician did not testify at the trial, and the trial court noted that appellee did not have the opportunity to cross-examine the physician about the contents of the medical-records exhibit.

{¶ 9} Appellant argues for the first time on appeal that the portions of the medical-records exhibit completed by appellant's physician should have been admitted under the business-records exception to the hearsay rule, as provided in Evid.R. 803(6). Where a party fails to raise an argument for admissibility of evidence at trial, the argument is waived on appeal. *Bonasera v. Turiel* (Aug. 3, 2000), 10th Dist. No. 99AP–948, 2000 WL 1059677. However, even had this argument not been waived, the medical-records exhibit would not have been admissible under the business-records exception.

{¶ 10} The business-records exception provides that certain documents and records are not excluded as hearsay if they are "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness." Evid.R. 803(6). Generally, medical records may be admissible under this exception. *Lambert v. Shearer* (1992), 84 Ohio App.3d 266, 278, 616 N.E.2d 965. To qualify for admission under the business-records exception, a medical record containing a physician's diagnosis must meet certain conditions, as outlined by this court in *Hytha v. Schwendeman* (1974), 40 Ohio App.2d 478, 69 O.O.2d 419, 320 N.E.2d 312:

(1) The record must have been a systematic entry kept in the records of the hospital or physician and made in the regular course of business;

(2) The diagnosis must have been the result of well-known and accepted objective testing and examining practices and procedures which are not of such a technical nature as to require cross-examination;

(3) The diagnosis must not have rested solely upon the subjective complaints of the patient;

(4) The diagnosis must have been made by a qualified person;

(5) The evidence sought to be introduced must be competent and relevant;

(6) If the use of the record is for the purpose of proving the truth of matter asserted at trial, it must be the product of the party seeking its admission;

(7) It must be properly authenticated.

Id. at syllabus.[3]

██ {¶ 11} Authenticating a business record "does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document." *State v. Myers*, 153 Ohio App.3d 547, 2003-Ohio-4135, 795 N.E.2d 77, ¶ 60. "Notwithstanding, the witness must 'demonstrate that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" Id., quoting *Keeva J. Kekst Architects, Inc. v. George Dev. Group* (May 15, 1997), 8th Dist. No. 70835, 1997 WL 253171.

{¶ 12} In this case, there was no authentication of the contents of the medical-records exhibit. The only witness who testified at the trial below was appellant. She was not the custodian of the records contained in the medical-records exhibit, nor was she an employee of the physician. Appellant was not sufficiently familiar with the circumstances surrounding the preparation and maintenance of these records to provide an adequate foundation for admission of the records. Appellant cites this court's decision in *Lambert*, 84 Ohio App.3d 266, 616 N.E.2d 965, to argue that the medical-records exhibit was admissible under the business-records exception. In *Lambert*, however, the parties stipulated to the authenticity of the records at issue. Id. at 278, 616 N.E.2d 965. There was no such stipulation in this case, and appellant cannot escape the requirement of authenticating any documents offered under the business-records exception.

{¶ 13} Further, it is unlikely that the letter from the physician to appellant's counsel included as part of the medical-records exhibit would qualify under the

---

3. *Hytha* was decided under R.C. 2317.40, prior to adoption of Evid.R. 803(6), but this court has applied the precedent to issues arising under Evid.R. 803(6). See *Quiller v. Mayfield* (Aug. 17, 1989), 10th Dist. No. 88AP–1115, 1989 WL 95356; *Williams v. Mayfield* (Nov. 29, 1990), 10th Dist. No. 90AP–144, 1990 WL 189869; see also *Smith v. Dillard's Dept. Stores, Inc.* (Dec. 14, 2000), 8th Dist. No. 75787, 2000 WL 1867272 (concluding that the rule announced in *Hytha* "supplements" Evid.R. 803(6)).

business-records exception. This does not appear to be the type of document that would be prepared as part of a physician's regular practice in assessing and treating patients. The fact that the physician's office sent the letter to appellant's counsel while appellant's claim was pending before the Industrial Commission further suggests that it was probably not prepared in the regular course of business. See *Johnson v. Cassens Transport Co.*, 158 Ohio App.3d 193, 2004-Ohio-4011, 814 N.E.2d 545, ¶ 19 (when a physician's letters to a claimant's attorney were prepared while litigation was pending, "it was not unreasonable for the trial court to conclude that the circumstances of their preparation indicated a lack of trustworthiness," and the trial court did not abuse its discretion in excluding the letters). Thus, this portion of the medical-records exhibit would fail to qualify under the business-records exception even if appellant had provided a proper foundation at trial. The trial court did not abuse its discretion in excluding the portions of the medical-records exhibit not completed by the appellant.

{¶ 14} Similarly, the trial court excluded the portion of the FROI exhibit completed by appellant's physician and containing the physician's diagnosis because it constituted hearsay. Appellant has not argued that any exception to the hearsay rule would apply to this portion of the FROI exhibit. Rather, appellant argues that this document should have been admitted at trial because it was part of the evidence presented to the Industrial Commission.

{¶ 15} "An appeal from the [Industrial] [C]omission pursuant to R.C. 4123.512 contemplates a full and complete de novo determination of facts and law." *Bishop*, 146 Ohio App.3d 772, 2001-Ohio-4274, 768 N.E.2d 684, ¶ 39. "The plaintiff is not limited to the record of the evidence presented to the commission but may offer evidence in the common pleas court as in any civil action." Id., citing *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 81, 619 N.E.2d 1165, abrogated on other grounds, *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. "[U]nless the parties stipulate to the evidence, it is error for the common pleas court to rely upon the evidence presented before the commission." *Bishop*, citing *Grant* at 81.

{¶ 16} There was no stipulation to the evidence in this case; therefore, the common pleas court would have erred in relying on the evidence presented to the commission. Moreover, the Industrial Commission and the trial court are governed by different standards for the admission of evidence. The Industrial Commission is not bound by the common-law or statutory rules of evidence. R.C. 4123.10; *State ex rel. Precision Thermo–Components, Inc. v. Indus. Comm.*, 10th Dist. No. 09AP–965, 2011-Ohio-1333, 2011 WL 983165, ¶ 34. By contrast, an appeal of a workers' compensation claim under R.C. 4123.512 is governed by the

rules of evidence that apply to other civil actions. See *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 539, 602 N.E.2d 419 (de novo review of a workers' compensation appeal is based on "evidence adduced before the common pleas court as in any civil action"); *Brooks v. Barry* (Jan. 30, 1992), 4th Dist. No. 90CA27, 1992 WL 21239. The trial court correctly noted that the portion of the FROI exhibit completed by the physician was hearsay. Absent an exception to the hearsay rule, it would have been error to admit this part of the FROI exhibit. The trial court did not abuse its discretion in excluding the portions of the FROI exhibit completed by appellant's physician.

{¶ 17} The IC records exhibit included the district hearing officer's findings, the staff hearing officer's findings, and the denial of appellee's appeal from the staff hearing officer's order. The trial court completely excluded the IC records exhibit from evidence.

{¶ 18} Appellant argues that the IC records exhibit should have been admitted as evidence and the trial court should have weighed that evidence as appropriate. However, "[i]n a de novo appeal to the common pleas court, the commission's findings become 'irrelevant.' " *Bishop,* 146 Ohio App.3d 772, 2001-Ohio-4274, 768 N.E.2d 684, at ¶ 39. "Evidence which is not relevant is not admissible." Evid.R. 402. Consistent with the precedent from *Bishop,* in *Embry v. Bur. of Workers' Comp.,* 10th Dist. No. 04AP–1374, 2005-Ohio-7021, 2005 WL 3557586, ¶ 17 this court upheld a trial court's order striking the record of the Industrial Commission's proceedings from a memorandum contra to a motion for summary judgment.

{¶ 19} The cases appellant cites in support of the admission of the IC records exhibit, *Clay v. Lakeview Farms, Inc.,* 3d Dist. No. 1–09–55, 2010-Ohio-603, 2010 WL 597373, and *Chiple v. Acme Arsena Co., Inc.,* 8th Dist. No. 87586, 2006-Ohio-5029, 2006 WL 2780153, are inapposite. In *Clay,* the Third District Court of Appeals noted that an appellant "could have presented [to the trial court] * * * the evidence he presented to the [Bureau of Workers' Compensation] and Industrial Commission to secure workers' compensation benefits." Id. at ¶ 23. Here, appellant seeks to introduce the record of proceedings from the Industrial Commission, including the findings and conclusions of the district hearing officer and staff hearing officer. This is more than simply the evidence that was presented to the Industrial Commission. In *Chiple,* it appears that the appellate court reviewed the Industrial Commission record of proceedings, but there is no indication that the trial court admitted the record of proceedings as evidence. Neither *Clay* nor *Chiple* overcomes our prior decision in *Bishop* that the Industrial Commission's findings are irrelevant in an appeal under R.C. 4123.512.

{¶ 20} For the reasons stated above, the trial court did not err in partially admitting and partially excluding the medical-records exhibit and the FROI

exhibit and did not err in excluding the IC records exhibit. Accordingly, the first assignment of error is without merit and is overruled.

{¶ 21} Appellant's second assignment of error asserts that the trial court erred by granting a directed verdict for appellee. "A motion for directed verdict will be granted only after construing the evidence most strongly in favor of the party against whom the motion is directed and finding that, upon any determinative issue, reasonable minds could only reach a conclusion adverse to such party." *Wright v. Columbus,* 10th Dist. No. 05AP–432, 2006-Ohio-759, 2006 WL 391823, ¶ 6. An order granting a directed verdict is reviewed de novo. Id.

{¶ 22} A workers' compensation claimant must "show by a preponderance of the evidence not only that his injury arose out of and in the course of his employment but that a direct or proximate causal relationship existed between his accidental injury and his harm or disability; and where medical evidence is necessary to establish such relationship, that evidence must show that his accidental injury was or probably was a direct or proximate cause of the harm or disability." Id., quoting *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 576, 55 O.O. 472, 125 N.E.2d 1. The trial court granted a verdict in favor of appellee based on its finding that there was no external manifestation of appellant's injuries and that appellant presented no medical testimony to connect the accident with her injuries.

{¶ 23} In *Wright,* 2006-Ohio-759, 2006 WL 391823, this court held that where an individual's injuries are "internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact," expert medical testimony is required. Id. at ¶ 19. Where no expert medical testimony was presented to establish causation in such a case, the trial court does not err in granting a directed verdict for the employer. Id.

{¶ 24} In this case, appellant testified that she slipped on a wet floor and took a "stuttering step" but caught herself without falling. No part of her body, other than the bottom of her foot, struck the floor, and she did not touch the walls to brace herself. Appellant testified that she felt "immediate pain," that she was "really achy," and that she felt "radiating pains." But appellant presented no evidence of any external signs of injury tending to demonstrate that slipping and stumbling caused her pain. Thus, this case is analogous to this court's decision in *Wright,* in which we found that expert medical testimony was necessary to establish causation for "internal and elusive" injuries.

{¶ 25} The cases appellant cites from other courts are distinguishable. In *Chilson v. Conrad,* 11th Dist. No. 2005–P–0044, 2006-Ohio-3423, 2006 WL 1816535, the appellate court affirmed the trial court's denial of a motion for directed verdict for the defendant in a case where the plaintiff did not present

expert medical testimony. The appellate court noted that both the plaintiff and his wife testified that following the workplace injury, the plaintiff's leg was swollen. Id. at ¶ 24. The plaintiff testified that his knee was warm to the touch and discolored. This testimony, along with the medical reports plaintiff submitted, was sufficient to demonstrate "observable, external evidence" of the plaintiff's injury. Id. Likewise, in *Bahr v. Progressive Cas. Ins. Co.*, 8th Dist. No. 92620, 2009-Ohio-6641, 2009 WL 4858048, the appellate court affirmed a trial court's order granting the employee's right to participate in the workers' compensation fund. In that case, the plaintiff testified that she had a limp and required assistance to walk immediately after the injury. Id. at ¶ 49. The appellate court agreed with the trial court's conclusion that the case "involved a readily observable injury (severe knee pain and swelling) which any layman could and immediately did recognize at the scene." Id. at ¶ 51. By contrast, in the present case, appellant did not testify as to any observable, external evidence of her injuries— for example a limp or a bruise. Accordingly, the precedent from *Wright* applies here.

{¶ 26} Appellant also argues that this case falls within the "common knowledge" exception to the requirement of expert testimony to prove causation. In *White Motor Corp. v. Moore* (1976), 48 Ohio St.2d 156, 2 O.O.3d 338, 357 N.E.2d 1069, the Supreme Court of Ohio held, "Where the issue of causal connection between an injury and the specific subsequent physical disability involves questions which are matters of common knowledge, medical testimony is not necessary in order to submit the case to the jury." Id. at paragraph two of the syllabus. Appellant points to the Eighth District Court of Appeals' decision in *Perry v. LTV Steel Co.* (1992), 84 Ohio App.3d 670, 618 N.E.2d 179, in support of her assertion that her claim was within the scope of the common-knowledge exception.

{¶ 27} *Perry* involved a worker who tripped and fell at work, suffering immediate pain and dizziness; he then lost consciousness while attempting to climb a flight of stairs and fell again. Id., 84 Ohio App.3d at 672, 618 N.E.2d 179. After the trial court ruled for the worker, the employer appealed, asserting that the trial court erred by denying its motion for directed verdict because the worker had not presented any expert medical testimony regarding the causal connection between his first trip and fall and the subsequent loss of consciousness and second fall. Id. at 673, 618 N.E.2d 179. The court of appeals ruled that the trial court had not erred, stating that a loss of consciousness and second fall following an initial fall that leaves one groggy and in immediate pain "involved a matter within common knowledge of the ordinary person and did not require *complex* medical expert testimony." (Emphasis sic.) Id. at 676, 618 N.E.2d 179.

{¶ 28} In the present case, appellant slipped and stumbled but did not fall to the floor or strike the wall in catching or bracing herself. After stumbling, appellant was able to walk up the stairs and return to her desk, unlike the worker in *Perry*, who immediately suffered pain and dizziness. Further, appellant testified on cross-examination about several automobile accidents in which she was involved between July 1998 and August 2008. These accidents involved injuries to her neck, shoulder, back, and knee and included medical assessments that she would have ongoing problems and need medical care as a result of these injuries. Given the appellant's history of prior injuries and the fact that her alleged injuries from the workplace incident were "internal and elusive," we cannot conclude that it was within the common knowledge of the ordinary person that slipping and catching herself without falling was sufficient to cause injuries to appellant's neck and ankle. Thus, this case is not within the common-knowledge exception, and medical testimony was necessary to establish causation.

{¶ 29} Moreover, even if the trial court had admitted into evidence the portions of the medical-records exhibit and FROI exhibit completed by the physician, they would be insufficient to establish causation to the requisite degree of certainty. "[W]hen expert medical testimony is required in a case to establish a causal connection between the industrial injury and a subsequent physical condition, the proof must establish a probability and not a mere possibility of such causal connection." *State ex rel. Hawkes v. Indus. Comm.*, 10th Dist. No. 05AP–47, 2005-Ohio-5995, 2005 WL 3008941, ¶ 4. The expert's testimony "need not include the magic word 'probability' but, when reviewed in its entirety, it must be equivalent to an expression of probability." Id. The only portion of the medical-records exhibit that addresses causation is the physician's letter to appellant's counsel. In that letter, the physician stated her belief that appellant was injured at work and that the injuries resulted from the accident at work. The portion of the FROI exhibit completed by the physician merely details her diagnosis and does not address the cause of the injuries. This material, considered in its entirety, does not establish the physician's certainty as to the issue of causation. Therefore, even if appellant's exhibits had been completely admitted into evidence, the trial court would not have erred by granting a directed verdict for the appellee.

{¶ 30} Accordingly, the second assignment of error is without merit and is overruled.

{¶ 31} For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

Brown and Sadler, JJ., concur.