[Cite as *Jones v. Smith Transport*, 2012-Ohio-692.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

PHILLIP M. JONES,

:

Plaintiff-Appellee,                     Case No.   11CA11

vs.                                          :

SMITH TRANSPORT, et al.,          :      DECISION AND JUDGMENT ENTRY

Defendants-Appellants.          :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Roger J. D'Anniballe, Jr., Pietragallo, Gordon Alfano,
Bosick & Raspanti, L.L.P., 100 North Fourth Street,
Sinclair Building, 10th Floor, Steubenville, Ohio 43953

COUNSEL FOR APPELLEE,       Daniel S. Knisley, Knisley Law Offices,
PHILLIP M. JONES:                1390 Dublin Road, Columbus, Ohio 43215

COUNSEL FOR APPELLEE,       Michael DeWine, Ohio Attorney General,
ADMINISTRATOR, BUREAU      and Colleen C. Erdman, Ohio Assistant
OF WORKERS'                       Attorney General, Workers' Compensation
COMPENSATION:                  Section, 150 East Gay Street, 22nd Floor, Columbus,
Ohio 43215

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-14-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Hocking County Common Pleas Court judgment
in favor of Phillip M. Jones, plaintiff below and appellee herein.   Smith Transport,
defendant below and appellant herein, assigns the following errors for review:

{¶ 2}   FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT IMPROPERLY RULED THAT
APPELLANT, SMITH TRANSPORT, INC., WAS
APPELLEE'S EMPLOYER."

{¶ 3} SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT FURTHER ERRED BY IMPROPERLY
GRANTING APPELLEE THE RIGHT TO PARTICIPATE IN
THE BENEFITS OF THE OHIO WORKER'S
COMPENSATION ACT, R.C. 4123.01, *ET SEQ*."

{¶ 4} Barry F. Smith apparently owns two companies. One is Franklin Logistics, Inc. (Franklin) located in Remington, Indiana. The other is appellant, Smith Transport, Inc. (Smith) which is located in Roaring Brook, Pennsylvania. In 2005, appellee was hired as a truck driver for one of these two companies. The company appellee actually worked for is apparently the dispositive question.

{¶ 5} In 2007, appellee sustained medical injuries after an accident with another motor vehicle. Appellee was promptly terminated from his employment. Appellee filed a claim for Workers' Compensation that, at first, was denied on grounds that he did not have sufficient contact with Ohio to establish this state's jurisdiction. Subsequently, that decision was reversed on appeal. The claim was also later dismissed at appellee's request.

{¶ 6} The matter was later reinitiated and appellee was determined to be Smith's employee. The accident was further determined to have occurred while in the scope of employment and that it was a compensable industrial accident. Smith commenced the instant action on September 10, 2008 as an appeal from the Ohio

Industrial Commission decision.[1] Smith also alleged that appellee was a Franklin employee and that his Workers' Compensation claim should be processed in Indiana rather than in Ohio. Appellee responded on September 16, 2008 with a complaint that alleged that he was a Smith employee and asked that he be allowed to participate in the Ohio Workers' Compensation fund.

{¶ 7} At the November 23, 2010 bench trial Lynette Dellinger, Smith's Human Resources Director, testified that Smith is an "administrative" company only, owns no trucks and employs no truck drivers. Although Dellinger identified a number of exhibits that related to truck drivers, all of which contained the Smith logo, she also pointed to other forms that show that appellee is a Franklin employee. Appellee testified he was not told that he worked for Franklin, that Smith employees controlled his work and that a Smith employee fired him.

{¶ 8} On February 8, 2011, the trial court concluded that appellee was a Smith employee, not a Franklin employee. The court also granted appellee the right to participate in the Ohio Workers' Compensation fund. This appeal followed.

1. I

{¶ 9} Smith asserts in its first assignment of error[2] that the trial court erred by

---

[1] Our factual recitation is garnered from the initial pleadings. Evidence submitted to the Industrial Commission was not introduced into the record of this case.

[2] Before we turn to the merits of the assignments of error, we pause to acknowledge an interesting procedural turn-of-events. On May 19, 2011, despite being victorious with his action below, appellee, joined by Smith, filed a Civ.R. 60 (B)(1) motion to vacate the judgment. Appellee's argument was that the trial court made a mistake in its decision and, that despite his earlier claims to the contrary, he was a Franklin employee. The trial court summarily denied the motion (see entry filed May 26, 2011).

Appellee continues this tact here on appeal, and requests "that the decision of the trial court with respect to the

determining that it, rather than Franklin, is appellee's employer. We agree, albeit for reasons other than Smith sets forth in its brief.

{¶ 10} The gist of Smith's argument is that the trial court's decision is contrary to the evidence adduced at trial. If, however, this is the correct standard to be applied, we would overrule the assignment of error. Sufficient evidence was adduced in the trial court to support a finding that either Smith or Franklin was appellee's employer. However, jurisdiction, not weight of the evidence, is the dispositive legal principle.

{¶ 11} The right to appeal a Workers' Compensation decision is one conferred solely by statute. Felty v. AT&T Technologies, Inc. (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141. The only issue that may be considered in an appeal of an Industrial Commission decision is a determination of whether a claimant may participate in the Worker's Compensation Fund. Id. (construing former R.C. 4123.519); also see Battin v. Conrad, Lake App. No. 2005-T-101, 2006-Ohio-3426, at ¶6. Determination of a claimant's actual employer is not a proper issue to be determined in an appeal de novo pursuant to R.C. 4123.512. State ex rel. Oakwood v. Indus. Comm., 190 Ohio App.3d 689, 943 N.E.2d 1083, 2010-Ohio-5861, at ¶¶6&28.[3]

---

proper employer . . . and his right to participate in the benefits of the Ohio Workers' Compensation Act be REVERSED." (Emphasis in original.)    Smith also argues that the trial court's judgment be reversed.    It appears that the only party arguing for an affirmance is the Administrator of the Bureau of Workers' Compensation (BWC).

[3] We acknowledge that the parties stipulated this was the issue to be determined below and, as such, it is tempting to conclude that Smith waived this issue for purposes of appeal under the invited error doctrine. See generally Lowe v. Lowe, Pickaway App. No. 10CA30, 2011-Ohio-3340,    at ¶39; Smith v. Redecker, Athens No. 08CA33, 2010-Ohio-505, at ¶56. However, because the legal principle at issue under the first assignment of error is jurisdictional in nature, we decline to apply that doctrine in this instance. See State v. Minkner, Champaign App. No. 2010CA8, 2011-Ohio-3106, at ¶25; State v. Taogaga, Cuyahoga App. No. 79845, 2002-Ohio-5062, at ¶¶30-34.

{¶ 12} We believe that the trial court erred insofar as it included a determination in its March 10, 2011 judgment that appellee was a Smith employee. This was the decision that the Ohio Industrial Commission apparently made and, although the trial court simply affirmed that part of the decision, it is without jurisdiction to do so. As the Ohio Supreme Court has noted, if the Industrial Commission is to be an effective and independent agency, then trial "courts simply cannot review all [of its] decisions. . ." Felty, supra at 238. Independence would not be possible if every issue, such as a determination of the actual employer, is subject to de novo appeal. Indeed, there would be no reason for the Industrial Commission's existence if that were the case. Therefore, we sustain appellant's first assignment of error.

II

{¶ 13} Appellant's second assignment of error asserts that the trial court erred by determining that appellee could participate in the Workers' Compensation fund. We, however, agree with the BWC that the weight of evidence adduced in the trial court supports the decision.

{¶ 14} In a R.C. 4123.512 appeal, a trial court must determine the claimant's right to participate in the fund based on evidence adduced at trial. Id. at (D). A court is not bound by an Ohio Industrial Commission decision but, rather, must apply a de novo standard of review. Jefferson v. CareWorks of Ohio, Ltd., 193 Ohio App.3d 615, 953 N.E.2d 353, 2011-Ohio-1940 at ¶15; Calo v. Ohio Real Estate Comm., Franklin App. No. 10AP–595, 2011-Ohio-2413, at ¶37; also see Starkey v. Builders FirstSource Ohio Valley, L.L.C., 130 Ohio St.3d 114, 956 N.E.2d 267, 2011-Ohio-3278, at ¶19. An

appeal to an appellate court is treated as an appeal from an ordinary civil action, R.C. 4123.512(E), and we review a trial court's judgment under a manifest weight of the evidence standard.    Pflanz v. Pilkington LOF, Hamilton App. No. C–100574, 2011-Ohio-2670, at ¶10; Raymond v. Shaker Produce, Inc., Cuyahoga App. Nos. 84885 & 85391, 2005-Ohio-1670, at ¶9.   Generally, a judgment will not be reversed on grounds that it is against the manifest weight of the evidence if some competent and credible evidence supports it. See Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.   We acknowledge that this standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and prevent a reversal.   Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; Powell v. Vanlandingham, Washington App. No. 10CA24, 2011-Ohio-3208, at ¶26.

{¶ 15} Appellee may participate in the Ohio Workers' Compensation fund if his injuries arose out of, and were received in the course of, his employment.   Coleman v. Hamilton, Butler App. Nos. CA2011–03–049, CA2011–03–050 & CA2011–03–051, 2011-Ohio-4717, at ¶11; Wining v. Unique Ventures Group, L.L.C., Mahoning App. No. 10 MA 111, 2011-Ohio-2474, at ¶10; Jones v. USF Holland, Inc., Franklin App. No. 10AP–537, 2011-Ohio-2368, at ¶15.   Lynette Dellinger conceded that the injury was received in the course of appellee's employment.   Moreover, the accident report indicates that appellant was driving a Smith truck.   This is sufficient, in our view, for the trial court, sitting as trier of fact, to conclude that appellee is entitled to participate in the Workers' Compensation fund.

{¶ 16} Smith counters that part of the evidence it adduced in the trial court is a Form C-112 that designates a state (other than Ohio) as the state where appellee is intended to collect workers' compensation benefits. However, the court expressly discounted, in its February 8, 2011 decision, the C-112 form.

{¶ 17} In a civil appeal, as we must treat the case sub judice pursuant to R.C. 4123.512(E), the weight to be assigned the evidence adduced at trial is a question for the trier of fact. See e.g. VanMeter Farms, Inc. v. Am. Grain Internatl., Inc., Pike App. No. 10CA802, 2011-Ohio-423, at ¶11; Dickess v. Stephens, Lawrence App. No. 08CA38, 2010-Ohio-32, at ¶14; Britton v. Gibbs Associates, Highland App. No. 08CA9, 2009-Ohio-3943, at ¶46. The rationale behind this principle is that the trial court, as trier of fact, sits in a better position to view witnesses, to observe their demeanor, gestures, and voice inflections, and to use those observations to weigh witness credibility. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273; Jones v. Jones, Athens App. 07CA25, 2008-Ohio-2476, at ¶18.

{¶ 18} In the case sub judice, the trial court explicitly found that Smith's Form C-112 is entitled to no credibility. That finding is well within its discretion as the trier of fact. For these reasons, we hereby overrule appellant's second assignment of error.

{¶ 19} Having sustained the first assignment of error, we hereby modify the trial court's March 10, 2011 judgment pursuant to App.R. 12(A)(1)(a), to delete the language that identifies Smith as appellee's employer. The judgment is then affirmed as modified.

JUDGMENT AFFIRMED AS MODIFIED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed as modified and that all parties equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.