[Cite as *CACH, L.L.C. v. Alderman*, 2017-Ohio-5597.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CACH, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-980 |
| v. | : | (C.P.C. No. 14CV-1926) |
| Timothy L. Alderman, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 29, 2017

**On brief:** *Weltman, Weinberg & Reis Co., LPA, Donald A. Mausar* and *Amanda Rasbach Yurechko,* for appellee. **Argued:** *Donald A. Mausar.*

**On brief:** *Timothy L. Alderman,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Timothy L. Alderman, filed an appeal from a decision of the Franklin County Court of Common Pleas, in which the trial court granted in part and denied in part the summary judgment motion of plaintiff-appellee, CACH, LLC. For the following reasons, we affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 20, 2014, appellee filed a complaint against appellant and Lee's Discount Store Fixtures, Ltd. ("Lee's"), alleging that appellee was the assignee of a business line of credit with Wells Fargo and that appellant and Lee's owed the amount due ($95,391.21), plus interest and costs. Neither appellant nor Lee's initially filed an answer. Appellee sought a default judgment twice, which the trial court denied, for failure of documentation. On April 30, 2015, both appellant and Lee's filed an answer.

{¶ 3} Appellee submitted requests for admissions to appellant, which he failed to answer. On July 29, 2015, appellee filed a motion for summary judgment against appellant and "Disc Store Fixtures, LLC." Again, neither appellant nor Lee's filed a response. On August 24, 2015, the trial court granted the motion for summary judgment against appellant and denied the motion for summary judgment against Disc Store Fixtures, LLC. In the journal entry, the trial court indicated that there was no just cause for delay and the case remains pending against Lee's. The trial court noted that Disc Store Fixtures, LLC was not a party to the action. Appellant filed a timely notice of appeal. Subsequently, appellee dismissed the action against Lee's.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Appellant has raised the following assignments of error for our review:

I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST NAMED INDIVIDUAL DEFENDANT TIMOTHY L ALDERMAN DUE TO PLAINTIFF'S FAILURE TO SHOW AN ACCOUNT IN PLAINTIFFS COMPLAINT PLEADINGS.

II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE, CACH, LLC,'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIVIDUAL LEGAL ENTITY TIMOTHY L ALDERMAN BASED ON THE TRIAL COURTS CONSIDERING AS A CREDIBLE DOCUMENT AN ALLEGED BILL OF SALE WITH FLAWS WHICH INCLUDE ITS FAILURE TO MEET THE EXPLICIT TERMS OF THE OHIO REVISED CODE 1319.12(C)(3).

III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE, CACH, LLC,'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIVIDUAL LEGAL ENTITY NAMED DEFENDANT TIMOTHY L ALDERMAN BASED ON AN AFFIDAVIT PLAINTIFF SUBMITTED WHICH DID NOT MEET THE REQUIREMENTS OF FEDERAL RULEs OF CIVIL PROCEEDURE 56(c)(4).

IV. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST NAMED INDIVIDUAL DEFENDANT TIMOTHY L ALDERMAN BY CONSIDERING PLAINTIFF'S SUBMISSION OF A GENERAL COPY OF A WELLS FARGO FINANCIAL SERVICES AGREEMENT WHICH DOES NOT MEET THE GUIDELINES OF CASE LAW OF THIS COURT.

V. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE, CACH, LLC,'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIVIDUAL LEGAL ENTITY NAMED DEFENDANT TIMOTHY L ALDERMAN BASED ON THE COURT CONSIDERING AN AFFIDAVIT PLAINTIFF SUBMITTED WHICH VIOLATES FEDERAL RULE OF CIVIL PROCEEDURE 56(h).

VI. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE, CASH, LLC.'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIVIDUAL LEGAL ENTITY DEFENDANT TIMOTHY L ALDEMAN BY CONSIDERING PLAINTIFFS IMPROPERLY SUPPORTED ASSERTIONS IN PLEADINGS OF DEFENDANT ALDERMAN BEING A REAL PARTY OF INTEREST IN THE INSTANT CASE WHICH ASSERTIONS WERE IN VIOLATION OF RULE 56(e).

VII. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE, CACH, LLC,'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIVIDUAL LEGAL ENTITY TIMOTHY L ALDERMAN BY CONSIDERING CERTAIN UNANSWERED REQUEST FOR ADMISSION QUESTIONS CONCERNING PRIVILEGED MATTER AND THUS OUTSIDE THE SCOPE OF CIVIL RULE 26(b)(1).

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 5} To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64 (1978). A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Williams v. First United Church of Christ,* 37 Ohio St.2d 150, 151 (1974). Summary judgment is a procedural device to terminate litigation, so courts should award it cautiously, with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 358-59 (1992).

{¶ 6} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). The party against whom the motion for summary judgment is made is entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 7} A "party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). In accordance with Civ.R. 56(E), when a party files a properly supported motion for summary judgment, the nonmoving party may not rest on the mere allegations or denials contained in the pleadings but must come forward with specific facts demonstrating a genuine issue of fact for trial. If the nonmoving party does not so respond, if appropriate, the trial court shall grant the summary judgment motion.

## IV. DISCUSSION

{¶ 8} In all of his assignments of error, appellant raises the issue that the trial court erred in granting appellee's motion for summary judgment and provides different reasons that the trial court erred. Thus we shall address all the assignments of error together for ease of discussion.

{¶ 9} To establish a prima facie case in an action to recover on an account, the following must be present:

> "An account must show the name of the party charged. It begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due."

*LVNV Funding, LLC v. Tanevski*, 10th Dist. No. 13AP-398, 2014-Ohio-1741, ¶ 11, quoting *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123 (10th Dist.1967). Appellee submitted a bill of sale indicating appellee obtained the account from Wells Fargo Bank, NA, a copy of the original agreement, statements showing payments and purchases, and an affidavit authenticating those documents. Finally, appellee submitted a discovery request for admissions that appellant did not answer. Appellee submitted the necessary documents to establish a prima facie case in an action to recover on an account.

{¶ 10} In his first assignment of error, appellant argues that appellee was required to attach an account to its complaint showing the amount due in accordance with Civ.R. 10(D). Here, appellee did not attach the account to the complaint. However, appellant did not raise the issue before the trial court and therefore waived any objections regarding Civ.R. 10(D).

{¶ 11} Appellant further argues that appellee did not establish a prima facie case to recover on an account. We have already addressed this argument. Appellant's first assignment of error is overruled.

{¶ 12} In his second assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because appellee failed to include a valid assignment of the debt arguing that the document attached to appellee's motion for summary judgment does not comply with the requirements of R.C. 1319.12(C)(3). R.C. 1319.12 is not applicable to this proceeding because it applies to collection agencies seeking to recover debts on behalf of other entities. R.C. 1319.12(A)(1) provides: "As used in this section, 'collection agency' means any person who, for compensation, contingent or otherwise, or for other valuable consideration, offers services to collect an alleged debt asserted to be owed to another." Here, appellee is not a collection agency, but, rather, it is collecting a debt it owns because it purchased the debt from Wells Fargo. Appellant's second assignment of error is overruled.

{¶ 13} By his third assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because the affidavit attached to appellee's motion for summary judgment did not meet the Fed.R.Civ.P. 56(c)(4). Appellant argues that the affidavit of the records custodian submitted with its summary judgment motion was invalid because the person was not an employee of Wells Fargo.

{¶ 14} We first note that the Federal Rules of Civil Procedure govern the procedure in civil cases in the United States district courts not state courts. Fed.R.Civ.P. 1. The Federal Rules of Civil Procedure may provide guidance to a state court; however, they do not govern civil procedure in Ohio state courts and are not binding. *Cooke v. Bowen*, 4th Dist. No. 12CA3497, 2013-Ohio-4771, ¶ 16; *In re Anisha N.*, 6th Dist. No. L-02-1370, 2003-Ohio-2356.

{¶ 15} Furthermore, appellant has not demonstrated that the affidavit does not comply with the analogous Ohio civil rule, Civ.R. 56(E). Civ.R. 56(E) provides that: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." The affidavit in question was from Tom Vigil, the authorized agent and custodian of records of appellee. Vigil, as the records custodian, had personal knowledge of the business records. Appellant provided no evidence that Vigil was not competent to testify regarding the business records.

{¶ 16} Pursuant to Evid.R. 901(B)(10), "authentication of business records * * * is governed by Evid.R. 803(6)." *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶ 9 (1st Dist.). "Evid.R. 803(6) ' "does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document" ' " or of the transaction giving rise to the record. *State Farm Mut. Auto. Ins. Co. v. Anders*, 197 Ohio App.3d 22, 2012-Ohio-824, ¶ 15, quoting *Jefferson v. CareWorks of Ohio, Ltd.*, 193 Ohio App.3d 615, 2011-Ohio-1940, ¶ 11 (10th Dist.), quoting *State v. Myers*, 153 Ohio App.3d 547, 2003-Ohio-4135, ¶ 60 (10th Dist.).

{¶ 17} Evid.R. 803(6) "permits exhibits to be admitted as business records of an entity even when the entity was not the maker of the records, so long as the other requirements of [Evid.R. 803(6)] are met and circumstances indicate the records are trustworthy." *Shawnee Assocs., L.P. v. Shawnee Hills*, 5th Dist. No. 09-CAE-05-0051, 2010-Ohio-1183, ¶ 50, citing *Great Seneca*. "Records need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business" and "incorporated into the business records of the testifying entity."

*Id.*; *Great Seneca* at ¶ 15. The affidavit submitted was not invalid. Appellant's third assignment of error is overruled.

{¶ 18} In his fourth assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because appellee submitted a copy of a Wells Fargo financial services agreement which appellant argues does not meet the guidelines set forth in *LVNV Funding*. Appellant quotes the following excerpt from *LVNV Funding* at ¶ 14, as follows:

> We note that the record lacks a copy of the alleged financial services agreement between defendant and the institution that assigned its account to plaintiff. Although it is sufficient for purposes of pleading to allege the existence of a financial services agreement, a party cannot prevail on its claims without proving the existence of an agreement.

{¶ 19} Here, the record did not lack a copy of the financial services agreement. Appellee attached the financial services agreement and its records custodian authenticated it as part of the account documents that transferred with the sale of the account. Appellant makes no further argument. Appellant's fourth assignment of error is overruled.

{¶ 20} By his fifth assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because the trial court considered an affidavit that violated Fed.R.Civ.P. 56(h). Appellant repeats his arguments from his third assignment of error, which we overruled. Accordingly, appellant's fifth assignment of error is overruled.

{¶ 21} By his sixth assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because the trial court considered appellee's improperly supported assertions that appellant was a real party in interest in violation of Civ.R. 56(e). Appellant argues that appellee failed to prove he was a real party in interest. Appellant alleges that the bill of sale appellee submitted was: (1) invalid as argued in his second assignment of error; (2) appellee failed to prove appellant was a guarantor for the debt; (3) appellee failed to attach an account to its complaint as argued in his first assignment of error; and (4) appellee failed to submit a valid financial services agreement as argued in his fourth assignment of error. As previously stated, the evidence provided that appellant was personally liable for the debt that formed the basis

of the claim. Having already addressed these arguments and found no merit to them, appellant's sixth assignment of error is overruled.

{¶ 22} By his seventh assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because the trial court considered appellee's request for admissions that were deemed admitted. Appellant contends that he failed to respond because the requests addressed "privileged matter" pursuant to Fed.R.Civ.P. 26(B)(1). Appellee provided appellant with a request for admissions, which appellant failed to answer and, therefore, appellee argued that the facts addressed in those requests be deemed admitted by the trial court.

{¶ 23} Appellant again argues that he is not a party in interest and that Civ.R. 26(B)(1) exempted the admissions from discovery. Civ.R. 26(B)(1) provides, as follows: "Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." We discern that appellant's argument is that the discovery involved matters regarding the business and, as an individual, he was not required to respond to those matters and, as business matters, the information was privileged. However, appellant misconstrues the civil rule. Appellant has failed to identify a valid privilege that applies here. Furthermore, Civ.R. 36 provides that in the absence of a timely written answer or objection, the matter is admitted. *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852. The trial court did not err in considering the requests for admissions. Appellant's seventh assignment of error is overruled.

{¶ 24} For the foregoing reasons, appellant's seven assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.